# EXHIBIT 1



Arizona State Legislature | Bill Number Search:

Fiftieth Legislature - First Regular Session | change session | printer friendly version
Email a Member | Email Webmaster
Senate   House   Legislative Council   JLBC   More Agencies   Bills   Committees   Calendars/News

Senate Engrossed

State of Arizona
Senate
Fiftieth Legislature
First Regular Session
2011

# SENATE BILL 1363

## AN ACT

AMENDING SECTIONS 12-1809, 12-1810, 23-352, 23-1321, 23-1322, 23-1323 AND 23-1324, ARIZONA REVISED STATUTES; AMENDING TITLE 23, CHAPTER 8, ARTICLE 2, ARIZONA REVISED STATUTES, BY ADDING SECTIONS 23-1325, 23-1326, 23-1327, 23-1328 AND 23-1329; RELATING TO LABOR RELATIONS.

(TEXT OF BILL BEGINS ON NEXT PAGE)

Be it enacted by the Legislature of the State of Arizona:
   Section 1. Section 12-1809, Arizona Revised Statutes, is amended to read:
   12-1809. Injunction against harassment; petition; venue; fees; notices; enforcement; definition
   A. A person may file a verified petition with a magistrate, justice of the peace or superior court judge for an injunction prohibiting harassment. If the person is a minor, the parent, legal guardian or person who has legal custody of the minor shall file the petition unless the court determines otherwise. The petition shall name the parent, guardian or custodian as the plaintiff, and the minor is a specifically designated person for the purposes of subsection F of this section. If a person is either temporarily or permanently unable to request an injunction, a third party may request an injunction on behalf of the plaintiff. After the request, the judicial officer shall determine if the third party is an appropriate requesting party for the plaintiff. Notwithstanding the location of the plaintiff or defendant, any court in this state may issue or enforce an injunction against harassment.
   B. An injunction against harassment shall not be granted:
      1. Unless the party who requests the injunction files a written verified petition for injunction.
      2. Against a person who is less than twelve years of age unless the injunction is granted by the juvenile division of the superior court.
      3. Against more than one defendant.
   C. The petition shall state all of the following:
      1. The name of the plaintiff. The plaintiff's address shall be disclosed to the court for purposes of service. If the address of the plaintiff is unknown to the defendant, the plaintiff may request that the address be protected. On the plaintiff's request, the address shall not be listed on the petition. Whether the court issues an injunction against harassment, the protected address shall be maintained in a separate document or automated database and is not subject to release or disclosure by the court or any form of public access except as ordered by the court.
      2. The name and address, if known, of the defendant.

3. A specific statement showing events and dates of the acts constituting the alleged harassment.

4. The name of the court in which there was or is any prior or pending proceeding or order concerning the conduct that is sought to be restrained.

5. The relief requested.

D. A fee shall not be charged for filing a petition under this section. Fees for service of process may be deferred or waived under any rule or law applicable to civil actions, except that fees for service of process shall not be charged if the petition arises out of a dating relationship. The court shall advise a plaintiff that the plaintiff may be eligible for the deferral or waiver of these fees at the time the plaintiff files a petition. The court shall not require the petitioner to perform community restitution as a condition of the waiver or deferral of fees for service of process. A law enforcement agency or constable shall not require the advance payment of fees for service of process of injunctions against harassment. If the court does not waive the fees, the serving agency may assess the actual fees against the plaintiff. On request of the plaintiff, an injunction against harassment that is issued by a municipal court may be served by the police agency for that city if the defendant can be served within the city. If the defendant cannot be served within the city, the police agency in the city in which the defendant can be served may serve the injunction. On request of the plaintiff, each injunction against harassment that is issued by a justice of the peace shall be served by the constable for that jurisdiction if the defendant can be served within the jurisdiction. If the defendant cannot be served within that jurisdiction, the constable in the jurisdiction in which the defendant can be served shall serve the injunction. On request of the plaintiff, an injunction against harassment that is issued by a superior court judge or commissioner may be served by the sheriff of the county. If the defendant cannot be served within that jurisdiction, the sheriff in the jurisdiction in which the defendant can be served may serve the order. The court shall provide, without charge, forms for purposes of this section for assisting parties without counsel.

E. The court shall review the petition, any other pleadings on file and any evidence offered by the plaintiff, including any evidence of harassment by electronic contact or communication, to determine whether the injunction requested should issue without a further hearing. Rules 65(a)(1) and 65(e) of the Arizona rules of civil procedure do not apply to injunctions that are requested pursuant to this section. If the court finds reasonable evidence of harassment of the plaintiff by the defendant during the year preceding the filing of the petition or that good cause exists to believe that great or irreparable harm would result to the plaintiff if the injunction is not granted before the defendant or the defendant's attorney can be heard in opposition and the court finds specific facts attesting to the plaintiff's efforts to give notice to the defendant or reasons supporting the plaintiff's claim that notice should not be given, the court shall issue an injunction as provided for in subsection F of this section. If the court denies the requested relief, it may schedule a further hearing within ten days with reasonable notice to the defendant. For the purposes of determining the one year period, any time that the defendant has been incarcerated or out of this state shall not be counted.

F. If the court issues an injunction, the court may do any of the following:

1. Enjoin the defendant from committing a violation of one or more acts of harassment.

2. Restrain the defendant from contacting the plaintiff or other specifically designated persons and from coming near the residence, place of employment or school of the plaintiff or other specifically designated locations or persons.

3. Grant relief necessary for the protection of the alleged victim and other specifically designated persons proper under the circumstances.

G. The court shall not grant a mutual injunction against harassment. If opposing parties separately file verified petitions for an injunction against harassment, the courts after consultation between the judicial officers involved may consolidate the petitions of the opposing parties for hearing. This does not prohibit a court from issuing cross injunctions against harassment.

H. At any time during the period during which the injunction is in effect, the defendant is entitled to one hearing on written request. No fee may be charged for requesting a hearing. A hearing that is requested by a defendant shall be held within ten days from the date requested unless the court finds compelling reasons to continue the hearing. The hearing shall be held at the earliest possible time. An ex parte injunction that is issued under this section shall state on its face that the defendant is entitled to a hearing on written request and shall include the name and address of the judicial office where the request may be filed. After the hearing, the court may modify, quash or continue the injunction.

I. The injunction shall include the following statement:

Warning

This is an official court order. If you disobey this order, you may be arrested and prosecuted for the crime of interfering with judicial proceedings and any other crime you may have committed in disobeying this order.

J. A copy of the petition and the injunction shall be served on the defendant within one year from the date the injunction is signed. An injunction that is not served on the defendant within one year expires. The injunction is effective on the defendant on service of a copy of the injunction and petition and expires one year after service on the defendant. A modified injunction is effective upon service and expires one year after service of the initial injunction and petition.

K. Each affidavit, acceptance or return of service shall be promptly filed with the clerk of the issuing court. This filing shall be completed in person, shall be made by fax or shall be postmarked, if sent by mail, no later than the end of the seventh court business day after the date of service. If the filing is made by fax, the original affidavit, acceptance or return of service shall be promptly filed with the court. Within twenty-four hours after the affidavit, acceptance or return of service has been filed, excluding weekends and holidays, the court from which the injunction or any modified injunction was issued shall forward to the sheriff of the county in which the court is located a copy of the injunction and a copy of the affidavit or certificate of service of process or acceptance of service. On receiving these copies, the sheriff shall register the injunction. Registration of an injunction means that a copy of the injunction and a copy of the affidavit or certificate of service of process or acceptance of service have been received by the sheriff's office. The sheriff shall maintain a central repository for injunctions so that the existence and validity of the injunctions can be easily verified. The effectiveness of an injunction does not depend on its registration, and for enforcement purposes pursuant to section 13-2810, a copy of an injunction, whether or not registered, is presumed to be a valid existing order of the court for a period of one year from the date of service of the injunction on the defendant.

L. A peace officer, with or without a warrant, may arrest a person if the peace officer has probable cause to believe that the person has violated section 13-2810 by disobeying or resisting an injunction that is issued pursuant to this section, whether or not the violation occurred in the presence of the officer. The provisions for release under section 13-3903 do not apply to an arrest made pursuant to this subsection. A person who is arrested pursuant to this subsection may be released from custody in accordance with the Arizona rules of criminal procedure or any other applicable statute. An order for release, with or without an appearance bond, shall include pretrial release conditions that are necessary to provide for the protection of the alleged victim and other specifically designated persons and may provide for additional conditions that the court deems appropriate, including participation in any counseling programs available to the defendant.

M. If a peace officer responds to a call alleging that harassment has been or may be committed, the officer shall inform in writing any alleged or potential victim of the procedures and resources available for the protection of the victim including:

1. An injunction pursuant to this section.

2. The emergency telephone number for the local police agency.

3. Telephone numbers for emergency services in the local community.

N. The remedies provided in this section for enforcement of the orders of the court are in addition to any other civil and criminal remedies available. The municipal court and the justice court may hear and decide all matters arising pursuant to this section. After a hearing with notice to the affected party, the court may enter an order requiring any party to pay the costs of the action, including reasonable attorney fees, if any. An order that is entered by a justice court or municipal court after a hearing pursuant to this section may be appealed to the superior court as provided in title 22, chapter 2, article 4, section 22-425, subsection B and the superior court rules of civil appellate procedure without regard to an amount in controversy. No fee may be charged to either party for filing an appeal.

O. A peace officer who makes an arrest pursuant to this section is not civilly or criminally liable for the arrest if the officer

acts on probable cause and without malice. A peace officer is not civilly liable for noncompliance with subsection M of this section.

P. This section does not apply to preliminary injunctions issued pursuant to an action for dissolution of marriage or legal separation or for protective orders against domestic violence.

Q. In addition to the persons who are authorized to serve process pursuant to rule 4(d), Arizona rules of civil procedure, a peace officer or a correctional officer as defined in section 41-1661 who is acting in the officer's official capacity may serve an injunction against harassment that is issued pursuant to this section.

R. For the purposes of this section, "harassment" means a series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose. HARASSMENT INCLUDES UNLAWFUL PICKETING, TRESPASSORY ASSEMBLY, UNLAWFUL MASS ASSEMBLY, CONCERTED INTERFERENCE WITH LAWFUL EXERCISE OF BUSINESS ACTIVITY AND ENGAGING IN A SECONDARY BOYCOTT AS DEFINED IN SECTION 23-1321 AND DEFAMATION IN VIOLATION OF SECTION 23-1325.

Sec. 2. Section 12-1810, Arizona Revised Statutes, is amended to read:

12-1810. Injunction against workplace harassment; definitions

A. An employer or an authorized agent of an employer may file a written verified petition with a magistrate, justice of the peace or superior court judge for an injunction prohibiting workplace harassment.

B. The court shall not grant an injunction against workplace harassment against either:
1. A person who is under twelve years of age unless the injunction is granted by the juvenile division of the superior court.
2. More than one defendant.

C. The petition shall state all of the following:
1. The name of the employer.
2. The name and address, if known, of the defendant.
3. A specific statement showing the events and dates of the acts that constitute harassment toward the employer or any person who enters the employer's property or who is performing official work duties.

D. The filing fee for a petition that is filed pursuant to this section is established pursuant to sections 12-284, 22-281 and 22-404.

E. The court shall review the petition and any evidence offered by the employer to determine whether to issue the injunction without further hearing. Rules 65(a)(1) and 65(e) of the Arizona rules of civil procedure do not apply to injunctions requested pursuant to this section. If the court finds reasonable evidence of workplace harassment by the defendant or that good cause exists to believe that great or irreparable harm would result to the employer or ANY other person who enters the employer's property or who is performing official work duties or if the injunction is not granted before the defendant or the defendant's attorney can be heard in opposition and the court finds specific facts that attest to the employer's efforts to give notice to the defendant or reasons supporting the employer's claim that notice should not be given, the court shall issue an injunction pursuant to subsection F of this section. If the court denies the requested relief, the court may schedule a further hearing within ten days with reasonable notice to the defendant.

F. If the court grants an injunction against workplace harassment, the court may do any of the following:
1. Restrain the defendant from coming near the employer's property or place of business and restrain the defendant from contacting the employer, or other person while that person is on or at the employer's property or place of business or is performing official work duties.
2. Grant any other relief necessary for the protection of the employer, the workplace, the employer's employees or any other person who is on or at the employer's property or place of business or who is performing official work duties.

G. If the court issues an ex parte injunction pursuant to this section, the injunction shall state on its face that the defendant is entitled to a hearing on written request and shall include the name and address of the judicial office in which the request may be filed. At any time during the period that the injunction is in effect, the defendant may request a hearing. The court shall hold the hearing within ten days after the date of the written request unless the court finds compelling reasons to continue the hearing. The hearing shall be held at the earliest possible time. After the hearing, the court may modify, quash or continue the injunction.

H. An injunction against workplace harassment that is issued pursuant to this section shall include the following statement:

Warning

This is an official court order. If you disobey this order, you may be arrested and prosecuted for the crime of interfering with judicial proceedings and any other crime you may have committed in disobeying this order.

I. A copy of the petition and the injunction shall be served on the defendant within one year from the date the injunction is signed. An injunction that is not served on the defendant within one year expires. The injunction is effective on the defendant on service of a copy of the injunction and petition and expires one year after service on the defendant. A modified injunction is effective on service and expires one year after service of the initial injunction and petition.

J. Each affidavit, acceptance or return of service shall be filed promptly with the clerk of the issuing court. The filing shall be completed in person, made by fax or postmarked, if sent by mail, no later than the end of the seventh court business day after the date of service. If the filing is made by fax, the original affidavit, acceptance or return of service shall be filed promptly with the court. Within twenty-four hours after the affidavit, acceptance or return of service has been filed, excluding weekends and holidays, the court that issued the injunction shall register a copy of the injunction and a copy of the affidavit of service of process or acceptance of service with the sheriff's office of the county in which the employer is located. A copy of an injunction is presumed to be a valid existing order of the court for one year after the date on which the defendant was served. Any changes or modifications to the injunction are effective on entry by the court and shall be registered with the sheriff within twenty-four hours after the entry, excluding weekends and holidays.

K. This section does not:
1. Expand, diminish, alter or modify the duty of an employer to provide a safe workplace for its employees and other persons.
2. Permit a court to issue a temporary restraining order or injunction that prohibits speech or other activities that are constitutionally protected or otherwise protected by law, including actions involving organized labor disputes THAT DO NOT INVOLVE UNLAWFUL PICKETING, TRESPASSORY ASSEMBLY, UNLAWFUL MASS ASSEMBLY, CONCERTED INTERFERENCE WITH LAWFUL EXERCISE OF BUSINESS ACTIVITY AND ENGAGING IN A SECONDARY BOYCOTT AS DEFINED IN SECTION 23-1321, DEFAMATION IN VIOLATION OF SECTION 23-1325 OR ANY ACTUAL OR THREATENED MISREPRESENTATION, FRAUD, DURESS, VIOLENCE OR BREACH OF THE PEACE.
3. Preclude either party from being represented by private counsel or appearing on the party's own behalf.

L. When the employer has knowledge that a specific person or persons is ARE the target of harassment as defined by this section, the employer shall make a good faith effort to provide notice to the person or persons that the employer intends to petition the court for an injunction against workplace harassment.

M. Whether or not a violation occurs in the presence of a peace officer, a peace officer, with or without a warrant, may arrest a person if the peace officer has probable cause to believe that the person has violated section 13-2810 by disobeying or resisting an injunction that was issued pursuant to this section. The release provisions under section 13-3903 do not apply to an arrest made pursuant to this subsection. A person who is arrested pursuant to this subsection may be released from custody pursuant to the Arizona rules of criminal procedure or any applicable statute. The court shall include in an order for release any pretrial release conditions that the court deems appropriate.

N. The remedies under this section for the enforcement of protection orders are in addition to any other civil and criminal remedies that are available. The municipal court and the justice court may hear and decide all matters arising pursuant to this section. On notice to the affected party and after a hearing, the court may enter an order that requires any party to pay the costs of

the action, including reasonable attorney fees. A party may appeal an order entered by a justice court or municipal court pursuant to section 22-261 or 22-425 and the superior court rules of civil appellate procedure without regard to an amount in controversy.

O. A peace officer who makes an arrest pursuant to this section is immune from civil or criminal liability if the officer acts on probable cause.

P. An employer is immune from civil liability for seeking or failing to seek an injunction under this section unless the employer is seeking an injunction primarily to accomplish a purpose for which the injunction was not designed. Any action or statement by an employer under this section shall not be deemed an admission by the employer of any fact. An action or statement by an employer under this section may be used for impeachment purposes.

Q. In addition to the persons who are authorized to serve process pursuant to rule 4(d), Arizona rules of civil procedure, a peace officer may serve an injunction against workplace harassment pursuant to this section.

R. For the purposes of this section:

1. "Employer" means an individual, partnership, association or corporation or a person or group of persons who act, directly or indirectly, on behalf of or in the interest of an employer and with the consent of the employer. Employer includes this state, a political subdivision of this state and any school district or other special district.

2. "Harassment" means a single threat or act of physical harm or damage or a series of acts over any period of time that would cause a reasonable person to be seriously alarmed or annoyed AND INCLUDES UNLAWFUL PICKETING, TRESPASSORY ASSEMBLY, UNLAWFUL MASS ASSEMBLY, CONCERTED INTERFERENCE WITH LAWFUL EXERCISE OF BUSINESS ACTIVITY AND ENGAGING IN A SECONDARY BOYCOTT AS DEFINED IN SECTION 23-1321 AND DEFAMATION IN VIOLATION OF SECTION 23-1325.

Sec. 3. Section 23-352, Arizona Revised Statutes, is amended to read:

23-352. Withholding of wages

No employer may withhold or divert any portion of an employee's wages unless one of the following applies:

1. The employer is required or empowered to do so by state or federal law.

2. The employer has prior written authorization from the employee. AN EMPLOYER SHALL NOT WITHHOLD WAGES UNDER A WRITTEN AUTHORIZATION FROM THE EMPLOYEE PAST THE DATE SPECIFIED BY THE EMPLOYEE IN A WRITTEN REVOCATION OF THE AUTHORIZATION, UNLESS THE WITHHOLDING IS TO RESOLVE A DEBT OR OBLIGATION TO THE EMPLOYER OR A COURT ORDERS OTHERWISE.

3. There is a reasonable good faith dispute as to the amount of wages due, including the amount of any counterclaim or any claim of debt, reimbursement, recoupment or set-off asserted by the employer against the employee.

Sec. 4. Section 23-1321, Arizona Revised Statutes, is amended to read:

23-1321. Definitions

In this article, unless the context otherwise requires:

1. "CONCERTED INTERFERENCE WITH LAWFUL EXERCISE OF BUSINESS ACTIVITY" MEANS TO DO EITHER OF THE FOLLOWING BY THE USE OF FORCE, INTIMIDATION, VIOLENCE, THREATS OF UNLAWFUL ACTIVITY, DESTRUCTION OF THE EMPLOYER'S REAL OR INTANGIBLE PROPERTY, UNLAWFUL ASSEMBLY OR DEFAMATORY STATEMENTS:

(a) PREVENT OR ATTEMPT TO PREVENT AN EMPLOYER FROM:

(i) LAWFULLY ENGAGING IN ANY PROPER AND LAWFUL BUSINESS ACTIVITY.

(ii) PROPERLY, LAWFULLY OR PEACEFULLY USING OR ENJOYING THE EMPLOYER'S PROPERTY THAT IS USED OR USEFUL IN THE CONDUCT OF THE EMPLOYER'S BUSINESS.

(iii) ACQUIRING MATERIALS OR SUPPLIES FOR THE PURPOSES OF THE EMPLOYER'S BUSINESS.

(iv) DISPOSING OF THE GOODS, WARES OR PRODUCTS OF THE EMPLOYER'S BUSINESS.

(b) CAUSE OR INDUCE A BREACH OR TERMINATION OF A KNOWN CONTRACTUAL RELATIONSHIP OR KNOWN BUSINESS EXPECTANCY FOR AN IMPROPER PURPOSE WHICH RESULTS IN DAMAGE TO THE EMPLOYER.

~~1.~~ 2. "Labor organization" means an organization of any kind, or an agency or employee representation committee or plan in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment or other conditions of employment. For the purpose of this article the word "employee" or "employees" does not include persons having supervisory authority, professional or confidential employees, guards or persons employed in personnel departments.

~~2.~~ 3. "Person" includes a natural person, a corporation, association, company, firm or labor organization.

~~3.~~ 4. "Secondary boycott" means:

(a) A combination or conspiracy by two or more persons, by a strike, threat to strike, picketing, threat to picket, violence, threat of violence, or by concerted refusal or threat of concerted refusal, to process, install, service, handle, transport or otherwise deal with specified articles, materials or services, to force or require a person to cease or partially to cease processing, installing, servicing, selling, handling or transporting the products of or selling to or otherwise dealing with any other person for the purpose of forcing or requiring such other person to recognize, bargain with or comply with the demands of a labor organization, or for the reason that such other person has in his employ persons who are not members of a labor organization or is not himself a member of a labor organization, or for the reason that such other person uses goods, materials or services considered objectionable by a labor organization.

(b) An act, combination or agreement which directly or indirectly causes, induces or compels another to strike, threaten to strike, picket, threaten to picket, commit violence, threaten to commit violence, refuse to or threaten to refuse to process, install, service, handle, transport or otherwise deal with specified articles, materials or services, to force or require a person to cease or partially to cease processing, installing, servicing, selling, handling or transporting the products of, or selling to or otherwise dealing with any other person for the purpose of forcing or requiring such other person to recognize, bargain with or comply with the demands of a labor organization, or for the reason that such other person has in his employ persons who are not members of a labor organization, or is not himself a member of a labor organization, or for the reason that such other person uses goods, materials or services considered objectionable by a labor organization.

5. "TRESPASSORY ASSEMBLY" MEANS KNOWINGLY ENTERING OR UNLAWFULLY REMAINING ON ANY PROPERTY IN VIOLATION OF SECTION 13-1502, 13-1503 OR 13-1504.

6. "UNLAWFUL MASS ASSEMBLY" MEANS A VIOLATION OF SECTION 23-1327.

7. "UNLAWFUL PICKETING" MEANS A VIOLATION OF SECTION 23-1322.

Sec. 5. Section 23-1322, Arizona Revised Statutes, is amended to read:

23-1322. Unlawful picketing

A. It is unlawful for a labor organization to picket any establishment unless there exists between the employer and the majority of employees of such establishment a bona fide dispute regarding wages or working conditions.

B. IT IS UNLAWFUL FOR A LABOR ORGANIZATION TO ENGAGE IN PICKETING OR TO INDUCE OTHERS TO ENGAGE IN PICKETING IF THE PURPOSE OF THE PICKETING IS TO COERCE OR INDUCE AN EMPLOYER OR SELF-EMPLOYED PERSON TO JOIN OR CONTRIBUTE TO A LABOR ORGANIZATION.

Sec. 6. Section 23-1323, Arizona Revised Statutes, is amended to read:

23-1323. Injunctive relief; damages

A. ~~The picketing of an establishment when a bona fide dispute does not exist between the employer and the majority of employees,~~ UNLAWFUL PICKETING, TRESPASSORY ASSEMBLY, UNLAWFUL MASS ASSEMBLY, CONCERTED INTERFERENCE WITH LAWFUL EXERCISE OF BUSINESS ACTIVITY and engaging in a secondary boycott, are illegal and a person against whom ~~such picketing or secondary boycott~~ ANY OF THESE ACTIVITIES is directed or who is injured ~~thereby~~ BY THESE ACTIVITIES is entitled to injunctive relief ~~therefrom~~ FROM THESE ACTIVITIES. Any person or persons calling or

conducting ~~illegal picketing or secondary boycott shall be~~ ANY OF THESE ACTIVITIES IS liable ~~in damages~~ to any person injured ~~thereby~~ BY THESE ACTIVITIES FOR DAMAGES, PREJUDGMENT INTEREST, LITIGATION COSTS AND REASONABLE ATTORNEY FEES. THESE DAMAGES INCLUDE LOST SALES AND BUSINESS, LOST PROFITS AND LOSS IN VALUE OF THE BUSINESS. IF A PERSON CALLING OR CONDUCTING THESE ACTIVITIES ACTED IN BAD FAITH OR DISOBEYED A COURT ORDER, INCLUDING AN INJUNCTION ISSUED PURSUANT TO THIS SUBSECTION, THE PERSON IS LIABLE FOR PUNITIVE DAMAGES.

B. Nothing in this article shall be construed to imply the legality of any act or conspiracy illegal under the laws of this state ~~prior to~~ BEFORE November 24, 1952. Any labor organization, subdivision or local thereof shall be bound by and liable for the acts of its agents, and may sue or be sued in its common name.

Sec. 7. Section 23-1324, Arizona Revised Statutes, is amended to read:

23-1324. Violations; classification

A. EXCEPT AS PROVIDED IN SUBSECTION B OF THIS SECTION, any person who violates any provision of this article is guilty of a class 2 misdemeanor AND SHALL PAY A FINE OF NOT LESS THAN TWO HUNDRED DOLLARS.

B. A PERSON WHO VIOLATES SECTION 23-1322, 23-1327 OR 23-1328 AT A PROPERTY LISTED ON THE NO TRESPASS PUBLIC NOTICE LIST IS GUILTY OF A CLASS 1 MISDEMEANOR AND SHALL PAY A FINE OF NOT LESS THAN TWO HUNDRED DOLLARS.

C. Any fine levied PURSUANT TO THIS SECTION shall be recovered by the attorney general or under his direction in the name of the state.

Sec. 8. Title 23, chapter 8, article 2, Arizona Revised Statutes, is amended by adding sections 23-1325, 23-1326, 23-1327, 23-1328 and 23-1329, to read:

23-1325. Defamation; damages

A. A PERSON COMMITS DEFAMATION OF AN EMPLOYER BY DOING ALL OF THE FOLLOWING:

1. MALICIOUSLY MAKING A FALSE STATEMENT ABOUT THE EMPLOYER TO A THIRD PARTY WITHOUT PRIVILEGE.

2. KNOWINGLY, RECKLESSLY OR NEGLIGENTLY DISREGARDING THE FALSITY OF THE STATEMENT.

3. CAUSING DAMAGE TO THE EMPLOYER BY THE FALSE STATEMENT.

B. AN EMPLOYER AGAINST WHOM DEFAMATION IS DIRECTED OR WHO IS INJURED BY DEFAMATION MAY OBTAIN INJUNCTIVE RELIEF FROM THE DEFAMATION. A PERSON WHO COMMITS THE DEFAMATION IS LIABLE TO ANY PERSON INJURED BY THE DEFAMATION FOR DAMAGES, PREJUDGMENT INTEREST, ATTORNEY FEES, THE COSTS OF LITIGATION AND PUNITIVE DAMAGES. THE DAMAGES MAY INCLUDE LOST SALES AND BUSINESS, LOST PROFITS AND LOSS IN VALUE OF THE BUSINESS.

C. A LABOR UNION OR A SUBDIVISION OR LOCAL CHAPTER OF A LABOR ORGANIZATION IS BOUND BY AND LIABLE FOR THE ACTS OF ITS AGENTS AND MAY SUE OR BE SUED IN ITS COMMON NAME.

23-1326. No trespass public notice list; presumption

A. THE SECRETARY OF STATE SHALL ESTABLISH A NO TRESPASS PUBLIC NOTICE LIST IDENTIFYING EMPLOYERS IN THIS STATE WHO HAVE ESTABLISHED PRIVATE PROPERTY RIGHTS TO THEIR ESTABLISHMENT AND ANY RELATED REAL PROPERTY IN THIS STATE.

B. TO BE INCLUDED ON THE LIST, AN EMPLOYER SHALL PROVIDE TO THE SECRETARY OF STATE COPIES OF APPROPRIATE DOCUMENTS THAT ESTABLISH THE EMPLOYER'S PRIVATE PROPERTY RIGHTS, INCLUDING THE ADDRESS AND LEGAL DESCRIPTION OF THE PROPERTY TO WHICH IT HAS LEGAL CONTROL. AN EMPLOYER THAT RECORDS ITS PRIVATE PROPERTY RIGHTS SHALL PAY A RECORDING FEE DETERMINED BY THE SECRETARY OF STATE.

C. IF AN EMPLOYER PROVIDES THE DOCUMENTS PRESCRIBED IN SUBSECTION B AND PAYS THE FEE, THE SECRETARY OF STATE SHALL LIST THE EMPLOYER AND ITS ADDRESS ON THE NO TRESPASS PUBLIC NOTICE LIST AND SHALL MAINTAIN A COPY OF THE DOCUMENTS FOR PUBLIC INSPECTION.

D. BEGINNING JANUARY 15, 2012 AND EVERY JANUARY 15 AND JULY 15 THEREAFTER, THE SECRETARY OF STATE SHALL:

1. PUBLISH THE NO TRESPASS PUBLIC NOTICE LIST AT LEAST ONE DAY A WEEK FOR FOUR CONSECUTIVE WEEKS IN A NEWSPAPER OF GENERAL CIRCULATION IN THE COUNTY IN WHICH THE EMPLOYER IS LOCATED. IF THERE IS NO NEWSPAPER OF GENERAL CIRCULATION IN THE COUNTY, THE LIST SHALL BE PUBLISHED IN A NEWSPAPER OF GENERAL CIRCULATION IN AN ADJOINING COUNTY. THE SECRETARY OF STATE SHALL MAKE THE LIST ACCESSIBLE TO THE PUBLIC IN THE SECRETARY OF STATE'S OFFICE AND SHALL PUBLISH THE LIST ON THE SECRETARY OF STATE'S WEBSITE.

2. PROVIDE A COPY OF THE NO TRESPASS PUBLIC NOTICE LIST TO EVERY LAW ENFORCEMENT AGENCY IN THIS STATE.

E. PUBLICATION OF THE NO TRESPASS PUBLIC NOTICE LIST AS PRESCRIBED IN SUBSECTION D ESTABLISHES A PRESUMPTION THAT ALL MEMBERS OF THE PUBLIC HAVE NOTICE OF ALL EMPLOYERS AND PROPERTIES SHOWN ON THE LIST.

F. EACH LAW ENFORCEMENT AGENCY SHALL MAINTAIN THE MOST RECENT NO TRESPASS PUBLIC NOTICE LIST RECEIVED FROM THE SECRETARY OF STATE FOR ITS USE IN RESPONDING TO COMPLAINTS OF UNLAWFUL PICKETING, TRESPASSORY ASSEMBLY OR UNLAWFUL MASS ASSEMBLY. IF A PROPERTY IS IDENTIFIED ON THE LIST, THE RESPONDING PEACE OFFICER MAY NOT REQUIRE THE EMPLOYER TO PROVIDE ANY FURTHER DOCUMENTATION TO ESTABLISH THE EMPLOYER'S PROPERTY RIGHTS BEFORE REQUIRING ANY LABOR ORGANIZATION OR INDIVIDUAL OR GROUPS OF INDIVIDUALS ACTING ON EMPLOYEES' BEHALF THAT ARE ENGAGED IN UNLAWFUL PICKETING, TRESPASSORY ASSEMBLY OR MASS PICKETING TO LEAVE THE EMPLOYER'S PROPERTY OR CEASE FROM BLOCKING INGRESS TO OR EGRESS FROM THE EMPLOYER'S PROPERTY.

G. THIS SECTION DOES NOT AFFECT OR LIMIT ANY EXISTING PROPERTY RIGHTS IF A PROPERTY IS NOT INCLUDED ON ANY NO TRESPASS PUBLIC NOTICE LIST.

23-1327. Unlawful mass assembly

A. A PERSON SHALL NOT DO ANY OF THE FOLLOWING:

1. HINDER OR PREVENT THE PURSUIT OF ANY LAWFUL WORK OR EMPLOYMENT BY MASS ASSEMBLY, UNLAWFUL THREATS OR FORCE.

2. OBSTRUCT OR INTERFERE WITH ENTRANCE TO OR EGRESS FROM ANY PLACE OF EMPLOYMENT, INCLUDING BY INTENTIONALLY OPERATING A MOTOR VEHICLE SO AS TO DELAY, IMPEDE OR INTERFERE WITH THE ABILITY OF PERSONS OR VEHICLES TO ENTER OR LEAVE ANY PROPERTY.

3. OBSTRUCT OR INTERFERE WITH THE FREE AND UNINTERRUPTED USE OF PUBLIC ROADS, STREETS, HIGHWAYS, RAILWAYS, AIRPORTS OR OTHER MEANS OF TRAVEL OR CONVEYANCE.

4. USE LANGUAGE OR WORDS THREATENING TO DO HARM TO A PERSON OR THE PERSON'S REAL OR INTANGIBLE PROPERTY OR DESIGNED TO INCITE FEAR IN ANY PERSON ATTEMPTING TO ENTER OR LEAVE ANY PROPERTY.

5. ASSEMBLE OTHER THAN IN A REASONABLE AND PEACEFUL MANNER.

B. THIS SECTION DOES NOT PROHIBIT ASSEMBLY TO THE EXTENT THAT ASSEMBLY IS AUTHORIZED UNDER THE ARIZONA OR FEDERAL CONSTITUTION OR FEDERAL LAW.

23-1328. Trespassory assembly

A LABOR ORGANIZATION OR INDIVIDUAL OR GROUP THAT ACTS ON BEHALF OF EMPLOYEES SHALL NOT

ENGAGE IN TRESPASSORY ASSEMBLY.

**23-1329. Publicizing enjoined picketing or assembly; prohibition**

A PERSON SHALL NOT DECLARE OR PUBLICIZE THE CONTINUED EXISTENCE OF ACTUAL OR CONSTRUCTIVE PICKETING OR ASSEMBLY AT A POINT OR DIRECTED AGAINST A PREMISES, IF A COURT OF COMPETENT JURISDICTION HAS ENJOINED THE CONTINUATION OF THE PICKETING OR ASSEMBLY AT THAT POINT OR PREMISES.

©2007 Arizona State Legislature.

privacy statment