WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By:   MARIA R. BRANDON (004249)
      J. SCOTT DUTCHER (026174)
      Deputy County Attorneys
CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona  85004
Firm No. 00032000
Telephone No. (602) 506-8541
Facsimile No. (602) 506-8567
brandon@mcao.maricopa.gov
dutcherj@mcao.maricopa.gov
Attorneys for Defendant Sheriff Arpaio

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS LOCAL 99; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAN BREWER, in her capacity as Governor of the State of Arizona; et al.,<br><br>Defendants. | NO. CV 11-0921 PHX-GMS<br><br>**DEFENDANT SHERIFF ARPAIO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Defendant Sheriff Arpaio hereby moves to dismiss the "First Amended Complaint for Declaratory and Injunctive Relief" filed herein, as follows:

The "First Amended Complaint for Injunctive and Declaratory Relief" should be dismissed as against Defendant Arpaio pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and because Plaintiffs do not have standing to assert a claim against this defendant. The

1

1  Plaintiffs have not established the real and immediate threat of harm required for a
2  justiciable case or controversy; they merely speculate in the abstract about potential
3  future harm. As a matter of law, Plaintiffs have failed to establish a cognizable case or
4  controversy.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' First Amended Complaint states only the following regarding Sheriff Arpaio:

> "Defendant Joe Arpaio is the Sheriff of the County of Maricopa and named as defendant herein in his official capacity. Absent contrary order of this Court, the Sheriff and his deputies are likely to take action against Plaintiff Unions as directed by Provisions of SB 1363." (Doc.#10-1, p. 7:1-4)

Undersigned counsel has found no other mention of Defendant Sheriff Arpaio throughout the Complaint at all.

Moreover, for some reason, plaintiffs are not similarly concerned about sheriffs in the other 13 counties throughout the State of Arizona, because they only sued Sheriff Arpaio. They even admit that they are speculating into the future by stating the Sheriff is "likely to take action." Clearly, he has done nothing yet and there is no justiciable case or controversy involving Defendant Arpaio at this time.

For these reasons, the Sheriff of Maricopa County, Joseph Arpaio, requests that this Court dismiss Plaintiffs' First Amended Complaint for Injunctive and Declaratory Relief as to Defendant Arpaio.

. . .

. . .

1  **I.   THERE IS NO JUSTICIABLE CASE OR CONTROVERSY AND NO STANDING.**

2

3  Plaintiffs have failed to allege facts in their Complaint showing that they have

4  suffered, or will suffer, either an actual or imminent injury that would give them

5  standing to pursue their claims. This is insufficient to meet pleading standards under *Bell*

6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 9292 (2007);

7  *Ashcroft v. Iqbal*, ____U.S.____, 129 S. Ct.1937, 173 L.Ed.2d 868 (2009).

8  A declaratory judgment or injunction can issue only when the constitutional

9  standing requirements of a case or controversy are met. *Natural Resources Defense*

10  *Council, Inc. v. Watkins*, 954 F.2d 974 (4th Cir. 1992). In order to be judiciable and to

11  have standing, Plaintiffs must have alleged such a personal stake in the outcome of the

12  controversy as to warrant federal court jurisdiction and to justify exercise of the court's

13  powers on their behalf. *Warth v. Seldin*, 422 U. S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343

14  (1975).  A party has standing to maintain a declaratory judgment action where an actual

15  controversy is created and there are cognizable interests. The constitutional requirement

16  of personal stake has two prongs: (1) the litigant must show that he has suffered an

17  actual or threatened injury, an injury in fact; and (2) the litigant must demonstrate that

18  the defendant's conduct caused the injury and that granting the relief requested likely

19  would redress the injury. *Northeastern Florida Chapter of Associated General*

20  *Contractors of America v. City of Jacksonville, Fla*., 508 U.S. 656, 113 S.Ct. 2297, 124

21  L.Ed.2d 586 (1993). A personal stake in the outcome of the controversy assures that

22  concrete adverseness which sharpens the presentation of issues upon which the court

1  depends. *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)

2  Only those to whom the statute applies and who are adversely affected can
3  question a statute's constitutional validity in declaratory judgment proceedings. *See*
4  *Alabama State Federation of Labor, Local Union No. 103, United Broth. of Carpenters*
5  *and Joiners of America v. McAdory*, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945);
6  *Ward v. Utah*, 321 F.3d 1263 (10th Cir. 2003); *Nova Health Systems v. Gandy*, 416 F.3d
7  1149 (10th Cir. 2005) (Deterrent effect that declaratory relief against Oklahoma public
8  officials responsible for overseeing state medical institutions would have on others
9  seeking to sue abortion providers in reliance on Oklahoma statute making providers that
10 perform abortions on minors without parental consent liable for post-abortion medical
11 costs did not satisfy requirement for Article III standing in provider's action challenging
12 statute's constitutionality.)

13 **II.    THE CLAIMS ARE NOT RIPE FOR ADJUDICATION.**

14 The Complaint is based entirely on projecting into the future. Defendant Arpaio
15 should be dismissed until such time as there is an actual case or controversy. *See United*
16 *Public Workers v. Mitchell,* 330 U.S. 75, 67 S. Ct. 556, 91 L.Ed.754 (1947) (where the
17 Supreme Court found the issues challenging the Hatch Act to be not ripe for adjudication
18 for all plaintiffs except for the one and only plaintiff who had actually violated the
19 provision and the rules under it.) "A hypothetical threat is not enough." *Mitchell, supra*,
20 330 U.S.at 90.

21 Plaintiffs have failed to satisfy the requisite threshold for alleging actual cases or
22 controversies. U.S.C.A.Const.Art.III, §2, cl.1; *See also City of Los Angeles v. Lyons*, 461

4

U.S.95,101, 103 S.Ct.1660, 1665, 75 L.Ed.2d 675(1983). The federal courts do not have unconditional authority to review the actions of the legislatures of the several states. The power of the federal court is finite, as expressly limited by Article III of the United States Constitution. *Valley Forge Christian College v. Americans United for the Separation of Church and State, Inc,* 454 U.S. 464, 471, 102 S.Ct. 752,757-758, 70 L.Ed.2d.700 (1982).

For the foregoing reasons, Sheriff Arpaio respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief.

RESPECTFULLY SUBMITTED this 10th day of June 2011.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY:  /s/ Maria R. Brandon
     MARIA R. BRANDON
     J. SCOTT DUTCHER
     Attorneys for Defendant Sheriff Arpaio

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2011, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

COPIES electronically sent out this
10th day of June 2011 to:
Honorable G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 622, SPC 80
Phoenix, Arizona 85003

| | |
|---|---|
| 1 | and copies mailed to: |
| 2 | Andrew J. Kahn |
| | Elizabeth A. Lawrence |
| 3 | DAVIS COWELL & BOWE LLP |
| | 2401 North Central Avenue, 2nd Floor |
| 4 | Phoenix, Arizona 85004 |
| | ajk@dcbsf.com |
| 5 | Attorneys for Plaintiffs UFCW Local 99, |
| | McLaughlin and Colbath |
| 6 | |
| | Gerald Barrett |
| 7 | WARD, KEENAN & BARRETT, P.C. |
| | 3838 North Central Avenue, Suite 1720 |
| 8 | Phoenix, Arizona 85012 |
| | gbarrett@wardkeenanbarrett.com |
| 9 | Attorneys for Plaintiffs UA Local 469, |
| | McNally, Rothans |
| 10 | |
| | Jenifer Sung |
| 11 | Jonathan Weissglass |
| | Michael Rubin |
| 12 | P. Casey Pitts |
| | ALTSHULER BERZON LLP |
| 13 | 177 Post Street, Suite 300 |
| | San Francisco, California 94108 |
| 14 | jsung@altshulerberzon.com |
| | Attorneys for Movant Local 5 Service |
| 15 | Employees International Union |
| 16 | Stanley Lubin |
| | LUBIN & ENOCH PC |
| 17 | 349 North 4th Avenue |
| | Phoenix, Arizona 85003 |
| 18 | stan@lubinandenoch.com |
| | Attorneys for Movant Local 5 Service |
| 19 | Employees International Union |
| 20 | . . . |
| 21 | . . . |
| 22 | . . . |

6

| | |
|---|---|
| 1 | Alice Finn Gartell |
|   | Samantha Elizabeth Blevins |
| 2 | ARIZONA EDUCATION ASSOCIATION |
|   | 345 East Palm Lane |
| 3 | Phoenix, Arizona 85004 |
|   | alice.gartell@arizonaea.org |
| 4 | samantha.blevins@arizonaea.org |
|   | Attorney for Movant Arizona |
| 5 | Education Association |
| 6 | Jason Walta |
|   | NATIONAL EDUCATION ASSOCIATION |
| 7 | OFFICE OF GENERAL COUNSEL |
|   | 1201 16th Street, NW, suite 820 |
| 8 | Washington, DC 20036-3290 |
|   | jwalta@nea.org |
| 9 | Attorney for Movant Arizona |
|   | Education Association |
| 10 | |
|   | Roopali H. Desai |
| 11 | COPPERSMITH SCHERMER & |
|   | BROCKELMAN PLC |
| 12 | 2800 North Central Avenue, Suite 1200 |
|   | Phoenix, Arizona 85004 |
| 13 | rdesai@csblaw.com |
|   | Attorney for Movant Arizona |
| 14 | Education Association; |
|   | Local 449 American Federation of State, County |
| 15 | and Municipal Employees; |
|   | Local 2384 American Federation of |
| 16 | State, County and Municipal Employees; |
|   | Local 2960 American Federation of State, |
| 17 | County and Municipal Employees; |
|   | Local 3111 American Federation of |
| 18 | State, County and Municipal Employees; |
|   | Local 3282 American Federation of State, |
| 19 | County and Municipal Employees |
| 20 | . . . |
| 21 | . . . |
| 22 | . . . |

1 | David J. Strom
  | Alice Finn Gartell
2 | Jason Walta
  | Roopali H. Desai
3 | Samantha Elizabeth Blevins
  | AMERICAN FEDERATION OF TEACHERS
4 | 555 New Jersey Avenue, NW
  | Washington, DC 200001
5 | dstrom@aft.org
  | Attorneys for Movant England,
6 | Scheffler and Nowak

7

/s/ Lea wink

8

9 | S:\COUNSEL\Civil\Matters\GN\2011\GN11-0121 UFCW Local v. Jan Brewer\Pleadings\Arpaio MTD 6-10-11.docx