Thomas C. Horne
Attorney General

Michael K. Goodwin, Bar No. 014446
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-7674
Facsimile: (602) 542-7644
Michael.Goodwin@azag.gov

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS LOCAL 99, et al., | Case No: 2:11-cv-921-PHX-GMS |
| Plaintiffs, | **STATE DEFENDANTS' REPLY RE: MOTION TO DISMISS** |
| v. | |
| JAN BREWER, in her official capacity as Governor of the State of Arizona, et al., | (Oral Argument Requested) |
| Defendants. | |

Defendants Jan Brewer, Tom Horne, Ken Bennett, and Randall Maruca hereby reply to Plaintiffs' Opposition to the Motion to Dismiss.

**I.     Applicable Legal Standards.**

Plaintiffs argue that *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir. 2000), is irrelevant to the ripeness inquiry. They incorrectly claim that "the opinion was later withdrawn by the Ninth Circuit." But the *Thomas* opinion cited by the State Defendant was the one issued by the Ninth Circuit from the rehearing en banc. It has *not* been withdrawn and, in fact, continues to be cited as a leading case on the ripeness of a pre-enforcement challenge. *See*, *e.g.*, *Humanitarian Law Project v. U.S. Treasury Dep't*, 578 F.3d 1133, 1142 (9th Cir. 2008) ("Any pre-enforcement analysis starts with our en banc decision in *Thomas*."); *Alaska Right to Life Political Action*

1 *Committee v. Feldman*, 504 F.3d 840, 849 & n.9 (9th Cir. 2007). *Thomas* remains good law relevant to the ripeness analysis here.

Alternatively, Plaintiffs contend that *Thomas* is inapposite because their claims allege injury to their "speech rights." (Response at 5.) It is true that a somewhat more relaxed standing/ripeness analysis is used in First Amendment cases. But Plaintiffs' claims are not based exclusively on the First Amendment. Also, the challenged enactments do not regulate speech so much as they regulate conduct. For example, SB 1365 regulates paychecks. That it requires entities who receive multi-purpose payroll deductions to provide the employer with a statement does not make it a restriction on speech.

Plaintiffs further argue for a watered-down ripeness analysis because they say they are making a facial challenge to SB 1363 and SB 1365. As shall be discussed in the next section, their claims are far more factual and legal. Besides, to the extent Plaintiffs are attempting a facial challenge, they "must establish that no set of circumstances exists under which the [laws] could be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Plaintiffs cannot possibly make this showing.

Plaintiffs do not dispute that they have the burden of proof of establishing jurisdiction but they fail to discharge the burden. They rely mostly on allegations in their First amended complaint made on behalf of the Plaintiffs collectively and offer a few new allegations regarding Plaintiff UFCW. There are no specific allegations concerning any other Plaintiff. Four of the Plaintiffs are individuals—James McLaughlin, Roberta Colbath, Phillip McNally, and David Rothans. Apart from the fact that there is no present, concrete controversy regarding SB 1365, that measures does not even apply to the individual Plaintiffs. They do not and cannot claim any injury caused by SB 1365 and they are not subject to its penalty provision. This is just one example. In arguing that *all* of the Plaintiffs have ripe claims, Plaintiffs have failed to show that *any* of them do.

**II.      Plaintiffs Fail to Establish That Their Claims are Ripe.**

1       Plaintiffs argue that SB 1363 and SB 1365 are already having effects on them.
2  They claim the measures have had a chilling effect on them because they worry about
3  defamation suits, prosecutions for unlawful assembly, and civil penalties for inaccurate
4  statements pursuant to SB 1365.  Vague and conclusory allegations of self-censorship
5  are not to establish an injury in fact.  They must still show an "actual or imminent"
6  injury.  *Lopez v.Candaele*, 630 F.3d 775, 785-86 (9th Cir. 2010).  In *California Pro-Life*
7  *Council v. Getman*, 328 F.3d 1088 (9th Cir. 2003), the Court said:  "We do not mean to
8  suggest that any plaintiff may challenge the constitutionality of a statute on First
9  Amendment grounds by nakedly asserting that his or her speech was chilled by the
10 statute. . . .The potential plaintiff must have 'an actual and well-founded fear that the law
11 will be enforced against [him or her]." *Id*. at 1095 (citation omitted).  The Plaintiffs here
12 have made no such showing.  Vague and conclusory allegations that they sometimes
13 criticize employers and engage in union activities are not enough.  *See San Diego Gun*
14 *Rights Committee v. Reno*, 98 F.3d 1121, 1129 (9th Cir. 1996).

15      In support of their ripeness argument, Plaintiffs cite to a Seventh Circuit case,
16 *Metropolitan Milwaukee Ass'n of Commerce v. Milwaukee County*, 325 F.3d 879 (7th
17 Cir. 2002).  In considering a pre-enforcement challenge to a statute, the Court skipped
18 over Article III requirements and therefore made no determination whether the claims
19 were constitutionally ripe.  *Id*. at 881-82.  Because that approach differs sharply from the
20 analysis by the Ninth Circuit in *Lopez*, *Getman*, *Thomas*, and many other cases, the
21 Seventh Circuit case is unpersuasive.

22      On the issue of prudential ripeness, Plaintiffs incorrectly argue that their claims
23 are fit for judicial review because they are facial and purely legal.  (Response at 12.)
24 However, a claim is unripe "if it rests upon 'contingent future events that may not occur
25 as anticipated, or indeed may not occur at all.'"  *Scott v. Pasadena Unified Sch. Dist.*,
26 306 F.3d 646, 662 (9th Cir. 2002).   All of Plaintiffs' claims rest on contingent future
27 events that may not occur at all.  That includes their claim regarding SB 1363's
28 defamation provision, which they inaccurately characterize as raising only a legal issue.

The provision in question provides a statutory cause of action for defamation of an employer. Is such a cause of action preempted by federal law, as Plaintiffs contend? This question cannot be answered in the abstract. The answer depends entirely on the facts presented by a concrete controversy—a controversy that does not presently exist.

Plaintiffs tells us that *Linn v. United Plant Guard Workers*, 383 U.S. 53 (1966), and other cases established federal standards for certain defamation cases. The *Linn* standard applies to defamation claims based on statements made in the context of a labor dispute. *Steam Press Holdings, Inc. v. Hawaii Teamsters and Allied Workers Union*, 302 F.3d 998, 1004 (9th Cir. 2002). Section 8 of SB 1363 created cause of action for defamation of an employer without regard to the context. *See* A.R.S. § 23-1325. None of the Plaintiffs have alleged that they are currently being sued for defaming an employer. To the extent that employer defamation claims may arise in the future, the *Linn* standard may or may not apply. The resolution of such a case would depend on the context and content of the allegedly defamatory statement and many other factors. If and when such a case arises, state and federal trial courts are competent to decide what standards to apply. The issues concerning the defamation provision cannot possibly be decided without a concrete factual situation.

The same is true with respect to Plaintiffs' other claims. Another provision of SB 1363 requires the Secretary of State to create a "no trespass public notice list" identifying employers who have established private property rights in their establishment. A.R.S. § 23-1326(A). To be on the list, employers must provide appropriate documents to the Secretary of State. A.R.S. § 23-1326(B). Plaintiffs have not suggested that any of the employers with whom they deal have been placed on the list or otherwise indicated how they have been injured by this provision. This is just one more example of how fact-intensive the resolution these claims are. Because the claims are not purely legal, as Plaintiffs contend, but require factual development, they are not fit for judicial review at this time.

**III.     Plaintiffs Fail to Acknowledge the Extent to Which Their Claims are Barred by the Eleventh Amendment.**

Even if the Plaintiffs have alleged a justiciable controversy, they have not acknowledged the considerable extent to which the State Defendants are immune from suit. Plaintiffs seek to maintain this action against all four State Defendants even though SB 1363 and SB 1365 assign to these officials a limited role or no role at all.

They contend that Governor Brewer is responsible for enforcement of SB 1363 through her oversight of DPS. (Response at 16.) This is the very type of general oversight that the Ninth Circuit and other courts have held to be an insufficient basis for an *Ex parte Young* action against a governor. *See*, *e.g.*, *National Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 846-47 (9th Cir. 2002); *Sweat v. Hull*, 200 F. Supp.2d 1162, 1173-76 (D. Ariz. 2001). Plaintiffs have identified no facts or law that gives the Governor a direct role in DPS law enforcement operations. Nor have they shown that SB 1363 provides a direct role for either the Governor or DPS in carrying out the provisions of that enactment.

Apparently realizing the deficiencies in their argument, Plaintiffs have come up with a new theory for suing the Governor. They now claim that the Governor is sued because she is an "employer" who might seek relief under A.R.S. § 12-1810, as amended by § 2 of SB 1363. Plaintiff UFCW says it is trying to organize custodial workers who work for a state contractor. Even assuming a suit against the Governor as employer is cognizable under *Ex parte Young*, these allegations are woefully insufficient to establish that Plaintiff UFCW or any other Plaintiff is facing any real or immediate threat of injury. Plaintiffs have not shown a "special relation" between Governor Brewer and either of the challenged enactments.

Plaintiffs argue that Attorney General Horne is a proper defendant in a suit to block enforcement of both AB 1363 and SB 1365, even though only SB 1365 places responsibility on the Attorney General for rulemaking and enforcement. Plaintiffs cite to *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 160 P.3d 1216 (App. 2007), for the

propriety of suing the Attorney General, but their reliance on what case is misplaced. There, the Arizona Court of Appeals observed that in suits brought under A.R.S. § 12-1841 alleging that a provision of state law is unconstitutional, the Attorney General is an appropriate party because the statute expressly allows him to respond. 160 P.3d at 1227, ¶ 33. *Napolitano* presented no issue of immunity. In federal court, suits against state officials in their official capacities are barred by the Eleventh Amendment unless they fit within the narrow *Young* exception, which depends on the existence of a "fairly direct connection" between the official and the enforcement of the challenged law. Nothing in *Napolitano* or Arizona's declaratory-judgment law gives the Attorney General a fairly direct role in carrying out the provisions of SB 1363.

Plaintiffs suggest that Secretary of State Bennett is an appropriate defendant because under one provision (a subdivision of § 8) of SB 1363, he is responsible for compiling a "no trespass public notice list." The State Defendants acknowledge that SB 1363 assigns Bennett a role, albeit a limited one. Any suit against Secretary Bennett must be limited to his role in carrying out that one provision.

As for DOL Director Randall Maruca, Plaintiffs argue that he is responsible for enforcing provisions of SB 1363 and SB 1365 and that "no express reference to his role is needed in such statutes." This is another way of saying that the provisions say nothing about the Director or, for that matter, the Department of Labor. Significantly, the Intervenors' Complaint challenges the same provisions but does not join either Director Maruca or Governor Brewer as Defendants—a good indication of their lack of involvement in carrying out the challenged enactments. In any event, Plaintiffs have not established that Director Maruca has a sufficiently direct connection with any of the challenged provisions to make him subject to suit under the *Young* exception.

Finally, Plaintiffs make no argument in response to the State Defendants' assertion that the state law claims are barred by the Eleventh Amendment.

**IV.    Plaintiffs Shouldn't be Allowed to Amend Their Complaint.**

Plaintiffs offer to amend their Complaint to try again to allege jurisdiction. When a Complaint is dismissed for failure to state a claim and it appears that an amendment could cure the defect, allowing a plaintiff to amend the Complaint is often appropriate. But where, as here, there is no justiciable controversy, the Complaint should be dismissed. If and when an actual controversy arises regarding a provision of SB 1363 or SB 1365, any of the Plaintiffs (or anyone else) involved in such controversy may raise any constitutional issues in that context. The existence of an actual controversy will provide for a sharper presentation of the issues. In the absence of an actual controversy, an amended complaint would simply result in more predictions from the Plaintiff about what they anticipate will happen. Besides, since the Court is not required to assume the truth of jurisdictional allegations, and amended complaint would not be helpful in resolving the jurisdictional question. If the Court is unsure about the question, a better approach would be to allow *limited* discovery on jurisdiction and then to allow the parties to present evidence either in written form or at a hearing.

Respectfully submitted this 26th day of July, 2011.

Thomas C. Horne
Attorney General

 s/Michael K. Goodwin
Michael K. Goodwin
Assistant Attorney General
Attorneys for Defendant

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 26th day of July, 2011, to:

7

1  Andrew J. Kahn
   Elizabeth A. Lawrence
2  Davis Cowell & Bowe LLP
   2401 N. Central Avenue, 2nd Floor
3  Phoenix, Arizona 85004
   Attorneys for Plaintiffs UFCW Local 99,
4  McLaughlin and Colbath

5  Gerald Barrett
   Ward, Keenan & Barrett, P.C.
6  3838 N. Central Avenue, Suite 1720
   Phoenix, Arizona 85012
7  Attorneys for Plaintiffs UA Local 469
   and McNally
8
   J. Scott Dutcher
9  Maricopa County Attorney's Office
   Civil Services Division
10 222 N. Central Avenue, Suite 1100
   Phoenix, Arizona 85004
11 Attorneys for Joseph M. Arpaio

12 Jennifer Sung
   Jonathan Weissglass
13 Michael Rubin
   P. Casey Pitts
14 Altshuler Berzon LLP
   177 Post St., Ste. 300
15 San Francisco, California 94108
   Attorneys for Intervenor Plaintiff
16 Local 5 Service Employees International Union

17 Stanley Lubin
   Lubin & Enoch PC
18 349 N. 4th Avenue
   Phoenix, Arizona 85003
19 Attorneys for Intervenor Plaintiff
   Local 5 Service Employees International Union
20
   Alice Finn Gartell
21 Samantha Elizabeth Blevins
   Arizona Education Association
22 345 E. Palm Lane
   Phoenix, Arizona 85004
23 Attorneys for Intervenor Plaintiffs
   Arizona Education Association, et al.
24
   Jason Walta
25 National Education Association
   Office of General Counsel
26 1201 16th St. NW, Ste. 820
   Washington, DC 20036-3290
27 Attorneys for Intervenor Plaintiffs
   Arizona Education Association, et al.
28

8

1  Roopali H. Desai
   Coppersmith Schermer & Brockelman PLC
2  2800 N. Central Avenue, Suite 1200
   Phoenix, Arizona 85004
3  Attorneys for Intervenor Plaintiffs
   Arizona Education Association, et al.
4

5  Jessica R. Robinson
   AFSCME
6  1101 17th St. NW, Ste. 900
   Washington, DC 20036
7  Attorneys for Intervenor Plaintiffs
   Local 449 American Federation
8  of State, County and Municipal
   Employees, et al.
9
   Michael L. Artz
10 AFL-CIO
   1101 17th St. NW, Ste. 900
11 Washington, DC 20036
   Attorneys for Intervenor Plaintiffs
12 Local 449 American Federation
   of State, County and Municipal
13 Employees, et al.

14 David J. Strom
   American Federation of Teachers
15 555 New Jersey Ave. NW
   Washington, DC 20001
16 Attorneys for Intervenor Plaintiff
   Arizona Federation of Teachers Union
17

18  s/Rebecca Warinner
   Attorney General Secretary
19
   #2185270
20

21

22

23

24

25

26

27

28

9