WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By:   Ann Thompson Uglietta (013696)
      J. Scott Dutcher (026174)
      Deputy County Attorneys
CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone No. (602) 506-8541
Facsimile No. (602) 506-8567
uglietta@mcao.maricopa.gov
dutcherj@mcao.maricopa.gov

Attorneys for Defendant Sheriff Arpaio

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS LOCAL 99, et al., | Case No: 2:11-cv-921-PHX-GMS |
| Plaintiffs, | **DEFENDANT SHERIFF ARPAIO'S REPLY IN SUPPORT DEFENDANTS' MOTION TO DISMISS INTERVENORS' COMPLAINT** |
| v. | |
| JAN BREWER, in her official capacity as Governor of the State of Arizona, et al., | |
| Defendants. | |

Defendant Sheriff Arpaio respectfully submits this Reply in Support of his Motion to Dismiss Intervenors' Complaint. Sheriff Arpaio also joins in the State Defendants' anticipated Reply to be filed in the next few days.

The Declaration of Don Carr (Doc 86-1), in part, clearly demonstrates the redressability and ripeness defects in Intervenors' Complaint. In paragraph 18 of his Declaration, Mr. Carr reveals that the only picketing activity that SEIU Arizona is currently considering is to picket "a private employer, Pima Council on Aging for All, Inc., to inform the public about a labor dispute." (Doc 86-1 at 6.) This Court may take judicial notice of the fact that this entity, as its name suggests, is located in Pima County (specifically Tucson), far outside of Sheriff Arpaio's jurisdiction.

1  SEIU Arizona does not dispute that Sheriff Arpaio's MCSO is unlikely to be the responding police agency to any of SEIU Arizona's activities. He has no authority outside of Maricopa County. And within the City of Phoenix, where SEIU Arizona implies that most of the allegedly chilled activity will occur, the City of Phoenix Police Department would most likely be the responding police agency. No other police agency in the state (except possibly DPS via the State Defendants) is a party to this case. Ultimately, because SEIU Arizona has failed to join in all police agencies in the State, the injunction it seeks will not redress its alleged injuries. SEIU Arizona too quickly glosses over this reality by attempting to have the Court focus instead on SEIU Arizona's general and subjective fears of prosecution and chilled speech. But the inescapable reality is that the tacitly conceded unlikely role by Sheriff Arpaio in any arrest or prosecution is, in large part, also why these subjective fears are not "well founded" and why SEIU Arizona's allegations of a subjective 'chill' are similarly inadequate to show an injury in fact. *See Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm."); *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003) (quoting *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393 (1988)) ("The potential plaintiff must have 'an actual and well-founded fear that the law will be enforced against [him or her]' [and] such a fear of prosecution will only inure if the plaintiff's intended speech arguably falls within the statute's reach.").

SEIU Arizona's reliance on *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 701 (9th Cir. 1992) in support of its standing argument is misplaced. That court found standing because if it were "to rule in [plaintiff's] favor, it [was] likely that the alleged injury would be to some extent ameliorated." *Id.* In that case, the County Bar Association brought a constitutional challenge on a California statute prescribing the number of judges on the superior court for Los Angeles County, alleging a violation of due process and equal protection. *Id.* Any change in the number of judges was

2

1. guaranteed to have a direct impact. *Id.* But here, SEIU Arizona cannot demonstrate that an injunction against Sheriff Arpaio is likely to have any impact. Except in the few Maricopa County islands, where it is extremely unlikely for SEIU Arizona to engage in any picketing activity, Sheriff Arpaio shares law enforcement responsibilities with various city police departments. Therefore, even if Sheriff Arpaio were enjoined to take any action, SEIU Arizona would still have the same general and subjective fears of prosecution and chilled speech by other law enforcement agencies. Further, granting SEIU Arizona's requested injunction against Sheriff Arpaio and not against any of the other county and city law enforcement agencies in the State would create an impractical and silly checkerboard result of different law enforcement agencies in Maricopa County with different powers under the same statute.

SEIU Arizona does not have standing. It cannot demonstrate an injury in fact. It failed to show that its claims are redressable against Sheriff Arpaio, and its claims are not presently ripe for review. Accordingly, the Complaint in Intervention for Injunctive and Declaratory Relief (Doc. 52) should be dismissed.

RESPECTFULLY SUBMITTED this 15th day of September 2011.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY: /s/ J. Scott Dutcher
ANN THOMPSON UGLIETTA
J. SCOTT DUTCHER
Attorneys for Defendant Sheriff Arpaio

# CERTIFICATE OF SERVICE

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following this 15th day of September 2011 to:

Andrew J. Kahn
Elizabeth A. Lawrence
DAVIS COWELL & BOWE LLP
2401 North Central Avenue, 2nd Floor
Phoenix, Arizona 85004
Attorneys for Plaintiffs UFCW Local 99,
McLaughlin and Colbath

Gerald Barrett
WARD, KEENAN & BARRETT, P.C.
3838 North Central Avenue, Suite 1720
Phoenix, Arizona 85012
Attorneys for Plaintiffs UA Local 469
and McNally

Michael K. Goodwin
James Evan Barton
ARIZONA OFFICE OF THE ATTORNEY GENERAL
1275 West Washington
Phoenix, Arizona 85007-2997
Attorneys for State Defendants

Jennifer Sung
Jonathan Weissglass
Michael Rubin
P. Casey Pitts
ALTSHULER BERZON LLP
177 Post Street, Ste. 300
San Francisco, California 94108
Attorneys for Intervenor Plaintiff
Local 5 Service Employees International Union

Stanley Lubin
LUBIN & ENOCH PC
349 North 4th Avenue
Phoenix, Arizona 85003
Attorneys for Intervenor Plaintiff
Local 5 Service Employees International Union

Alice Finn Gartell
Samantha Elizabeth Blevins
ARIZONA EDUCATION ASSOCIATION
345 East Palm Lane
Phoenix, Arizona 85004
Attorneys for Intervenor Plaintiffs
Arizona Education Association, et al.

1 | Jason Walta
NATIONAL EDUCATION ASSOCIATION
OFFICE OF GENERAL COUNSEL
2 | 1201 16th Street NW, Ste. 820
Washington, DC 20036-3290
3 | Attorneys for Intervenor Plaintiffs
Arizona Education Association, et al.
4

5 | Roopali H. Desai
COPPERSMITH SCHERMER & BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
6 | Phoenix, Arizona 85004
Attorneys for Intervenor Plaintiffs
7 | Arizona Education Association, et al.

8 | Jessica R. Robinson
AFSCME
9 | 1101 17th St. NW, Ste. 900
Washington, DC 20036
10 | Attorneys for Intervenor Plaintiffs
Local 449 American Federation
11 | of State, County and Municipal
Employees, et al.
12

13 | Michael L. Artz
AFL-CIO
1101 17th St. NW, Ste. 900
14 | Washington, DC 20036
Attorneys for Intervenor Plaintiffs
15 | Local 449 American Federation
of State, County and Municipal
16 | Employees, et al.

17 | David J. Strom
AMERICAN FEDERATION OF TEACHERS
18 | 555 New Jersey Ave. NW
Washington, DC 20001
19 | Attorneys for Intervenor Plaintiff
Arizona Federation of Teachers Union
20

21 |  /s/ Lea Wink

22 | S:\COUNSEL\Civil\Matters\GN\2011\UFCW Local v. Jan Brewer GN11-0121\Pleadings\DefArpaio'sReply-MTD Intervenors 9-15-11.docx

23

24

25

26

27

28

5