**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Food and Commercial Workers Local 99 et al.,<br><br>　　　　Plaintiffs,<br><br>-and-<br><br>Arizona Education Association, et al.,<br><br>　　　　Plaintiff-Intervenors<br><br>vs.<br><br>Jan Brewer, in her capacity as Governor of the State of Arizona, et al,<br><br>　　　　Defendant. | No. CV-11-921-PHX-GMS<br><br>**ORDER** |

Pending before this Court are the following motions: (1) a Motion to Dismiss filed by Defendant Maricopa County Sheriff Joseph Arpaio (Doc. 40); (2) a Motion to Dismiss filed by Defendants the State of Arizona, Secretary of State Ken Bennett, Governor Janice K. Brewer, Attorney General Thomas Horne, and Director of the Department of Labor Randall Maruca, ("State Defendants") (Doc. 50); and (3) a Motion to Dismiss Intervenor's Complaint filed by State Defendants, which Defendant Arpaio joins. (Doc. 71). For the reasons discussed below, the motions are granted in part and denied in part.

/ / /

**BACKGROUND**

In April 2011, the Arizona legislature passed Senate Bill 1363, 2011 Arizona Session Laws, Chapter 153, which amended Sections 12-1809, 12-1810, 23-352, 23-1321, 23-1322, 23-1323 of the Arizona Revised Statutes ("A.R.S.") and amended Title 23, Chapter 8, Article 2 of those statutes by adding sections 23-1325, 23-1326, 23-1327, 23-1328 and 23-1329. Governor Janice K. Brewer signed the bill into law on April 18, 2011.

The law expands the definition of "harassment" under Arizona law to include "unlawful picketing, trespassory assembly, unlawful mass assembly, concerted interference with lawful exercise of business activity and engaging in a secondary boycott." A.R.S. § 12-1810®. The law expands the definition of "defamation" to include making a false statement about an employer while "knowingly, recklessly, or negligently disregarding the falsity of the statement." A.R.S. § 23-1325(A)–(C). Further, the law makes labor unions liable for the defamatory acts of their members. *Id.* § 23-1325(A)–(C).

The law also provides that employers may put their place of business on a "no trespass public notice list" maintained by the Secretary of State through the county recorders. A.R.S. § 23-1326(A). Should an employer whose premises are on the list ask law enforcement to remove "any labor organization or individual or groups of individuals acting on employees' behalf that are engaged in unlawful picketing, trespassory assembly or mass picketing," the law enforcement officer can order the group to leave the property and "may not require the employer to provide any further documentation to establish the employer's property rights." *Id.* § 23-1326(F).

The law defines "trespassory assembly" by referencing Arizona's criminal trespass statutes. A.R.S. § 23-1321(5); A.R.S. § 13-1502–04 (2010). In addition, it defines "unlawful picketing" as picketing where the purpose is "to coerce or induce an employer or self-employed person to join or contribute to a labor organization."A.R.S. § 23-1322. Finally, it defines "unlawful assembly" as, among other things, an assembly conducted "other than in a reasonable and peaceful manner." A.R.S. § 23-1327.

In April of, 2011, the legislature passed Senate Bill 1365, the "Protect Arizona

Employees' Paychecks from Politics Act," 2011 Arizona Session Laws, Chapter 251, which Governor Janice K. Brewer signed into law on April 26, 2011. The law amended Title 23, Chapter 2, Article 7 of the A.R.S. by adding section 23-361.02. This Court previously described the provisions of this law and, on application of Plaintiff-Intervenors, enjoined Defendant Horne from implementing it in its order of September 23, 2011. (Doc. 99).

Defendant Arpaio and the State Defendants have each filed motions to dismiss Plaintiffs' complaint. (Docs. 40, 50). State Defendants have also moved to dismiss Plaintiff-Intervenors' complaint, and Defendant Arpaio has joined their motion. (Doc. 71). Defendants argue that Plaintiffs must demonstrate that the Court has subject-matter jurisdiction to hear the claim, that Plaintiffs and Plaintiff-Intervenors lack standing, and that the claims are not ripe for adjudication. (Docs. 40, 50, 71). Further, the State Defendants argue that the Eleventh Amendment affords them immunity from this suit. (Docs. 50, 71).

**DISCUSSION**

**I.  Legal Standard**

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* FED. R. CIV. P. 12(h)(3).

The Constitution grants the federal courts the power to hear only "Cases" and "Controversies." U.S. Const. art. III sec. 2. Therefore, to have standing under Article III, plaintiffs must satisfy three elements. First, "the plaintiff must have suffered an injury in fact" that is not "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). Next, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* (internal quotations omitted). Finally, "it must be likely . . . that the injury will be redressed by a favorable decision." *Id.* (internal quotations omitted).

For a claim to be justiciable, a plaintiff must not only meet the case or controversy requirements of Article III, but the claim must also be ripe for adjudication. Ripeness has "both a constitutional and a prudential component." *Potman v. Cty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993). The "constitutional component of ripeness is synonymous with the injury-in-fact prong of the standing inquiry." *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 n.2 (9th Cir. 2003). In order to meet the prudential components of ripeness, courts must evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbot Laboratories v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

States are generally immune from suits filed by individuals in federal court. U.S. Const. amend. XI. State officials, however, can be sued in their official capacity for injunctive relief to prevent them from implementing state laws that violate the Constitution. *See Ex Parte Young*, 209 U.S. 123 (1908). Under the doctrine of *Ex Parte Young*, "relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." *Papasan v. Allain*, 478 U.S. 265, 278 (1986). Nevertheless, for a state officer to be subject to suit in her official capacity, "such officer must have some connection with the enforcement of the act." *Ex Parte Young*, 209 U.S. at 157. This connection must be "fairly direct." *Long v. Van de Kamp*, 961, F.2d 151, 152 (1992). For example, a state attorney general cannot be sued under *Ex Parte Young* when the statute complained of empowers local law enforcement agencies, even if those agencies operate under the supervision of the state attorney general. *Id.*

## II. ANALYSIS

### A. Subject-Matter Jurisdiction

Plaintiffs allege that SB 1363 violates the First Amendment and that SB 1365 is preempted by the Supremacy Clause of the U.S. Constitution. (Doc. 8). Plaintiff-Intervenors allege that SB 1365 violates the First Amendment. (Doc. 77). Federal courts have subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of

the United States." 28 U.S.C. § 1331.[1] The Court has jurisdiction to hear claims challenging a state law on constitutional grounds. *See Bell v. Hood*, 327 U.S. 678, 681–82 (1946).

### B. Standing and Ripeness

Defendants further allege that the Plaintiffs and Plaintiff-Intervenors lack standing, and that the claims represent pre-enforcement challenges that are not justiciable because they are not yet ripe. (Docs. 40, 50, 71).

#### 1. Standing

To suffer an injury in fact, it is not adequate that a party merely speculate that he will be the subject of an enforcement action to which he will have a constitutional defense. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir. 2000) (en banc). The Ninth Circuit has recognized that "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Id.* at 1139. However, "[c]onstitutional challenges based on the First Amendment present unique standing considerations." *Arizona Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). Because parties are likely to restrict their own speech or assembly practices in reasonable fear that they may otherwise be found to have violated the law, "when the threatened enforcement effort implicates First Amendment rights, the inquiry tilts dramatically toward a finding of standing." *LSO, Ltd.*, v. Stroh, 205 F.3d 1146, 1155 (2000).

Plaintiffs and Plaintiff-Intervenors satisfy the injury-in-fact requirement necessary for Article III standing. Both allege that the two laws restrict freedom of assembly and speech in violation of the First Amendment, and both plausibly state that they will curtail their protected speech and assembly activities in order to comply with the laws. (Docs. 60, 86). The Court has already enjoined SB 1365 as a statute that, on its face, discriminates according to viewpoint in violation of the First Amendment. (Doc. 99). Plaintiffs have standing to

---

[1] Although it is true that in their Amended Complaint Plaintiffs improperly state that jurisdiction is proper under 29 U.S.C. § 1332 (a section of the U.S. Code that does not exist), they properly cite 28 U.S.C. § 1331 in their Response. (Docs. 8, 60). Plaintiff-Intervenors properly cite to 28 U.S.C. § 1331. (Doc. 52).

continue to challenge a law that facially discriminates against their speech activity. *LSO*, 205 F.3d at 1154–55. When parties seek to challenge laws that allegedly criminalize protected behavior, as Plaintiffs do with respect to SB 1363, the Supreme Court has written that they need not "risk prosecution to test their rights." *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965). Plaintiffs and Plaintiff-Intervenors have adequately alleged that they suffer an injury in fact caused by SB 1363 and SB 1365.

Defendants do not claim that the alleged injuries are not fairly traceable to the challenged laws, or that the injuries would not be redressed were the laws struck down. (Docs. 40, 50, 71). Thus, Plaintiffs and Plaintiff-Intervenors have demonstrated that their claim is fairly traceable to the law, and that their injury would be redressed were their suit successful.

### 2. Ripeness

Since Plaintiffs and Plaintiff-Intervenors satisfy the injury-in-fact requirement for standing, their claim meets the constitutional prong of the ripeness test. *California Pro-Life Council*, 328 F.3d at 1094 n.2. To meet prudential standing requirements, Plaintiffs must demonstrate the fitness of the issues for judicial decision and the hardship to the parties of withholding adjudication. *Abbot Laboratories*, 387 U.S. at 149. Plaintiffs mount a number of purely legal claims, including claims that SB 1363 is impermissibly vague on its face and impermissibly restricts First Amendment assembly rights. (Doc. 8). The attorney general has already been enjoined from enforcing SB 1365 on purely legal grounds, namely that it discriminates according to viewpoint. (Doc. 99). Likewise, the core issues of Plaintiffs' and Plaintiff-Intervenors' complaints are purely legal in nature. Plaintiffs and Plaintiff-Intervenors allege that the laws deprive them of their basic First Amendment rights. Dismissing the case on ripeness grounds would cause them to continue to suffer this alleged loss, which the Supreme Court has held "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Plaintiffs' and Plaintiff-Intervenors' claims are ripe for review.

## C. Eleventh Amendment

The fact that a governor is responsible for implementing state law does not subject her to liability in an *Ex Parte Young* suit unless the governor has some direct responsibility for implementing the law being challenged. *See National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (director of state fish and game department, not governor, is the proper subject of *Ex Parte Young* suit challenging state law restricting use of certain animal traps). The Governor of the State of Arizona is responsible for the operations of the Department of Public Safety, which is responsible for enforcing the criminal provisions of SB 1363. A.R.S. § 41-1711 (2011). However, such supervision does not constitute a "fairly direct" relationship subjecting the governor to liability under *Ex Parte Young*. *See, e.g.*, *NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983) (school superintendent, not governor, is proper subject of suit alleging racial discrimination in schools); *Confederated Tribes & Bands of Yakama Indian Nation v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999) (governor not the proper subject of a suit alleging state was improperly running lottery on tribal lands in violation of federal law). Governor Brewer has mere supervisory authority over departments that implement SB 1363 and SB 1365, and is therefore not the proper subject of an *Ex Parte Young* suit challenging them.

Both laws specify that the Attorney General may levy fines and impose penalties for their violation; his relation to the law's enforcement is therefore "fairly direct." A.R.S. § 23-361.02(D); A.R.S. § 23-1324(C). Moreover, Plaintiffs seek a declaratory judgment that the laws are unconstitutional, and Arizona's Declaratory Judgments Act requires that they serve the Attorney General. A.R.S. § 12-1841(C) (2003). "Arizona courts have uniformly held that the Arizona Attorney General is an appropriate party to such cases." *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 469, 160 P.3d 1216, 1227 (App. 2007). The Eleventh Amendment does not prevent the Attorney General from being sued in his official capacity in a suit seeking to prevent him from enforcing an allegedly unconstitutional state law. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Secretary of State Bennett is required, under SB 1363, to maintain the "no trespass

public notice list" through the county recorders. A.R.S. § 23-1326(A). This lists forms the foundation of enforcement actions against those engaged in unlawful picketing, trespassory assembly, or mass picketing. *Id.* § 23-1326(F). As such, Secretary Bennet's connection to enforcing SB 1363 is "fairly direct." *Long v. Van de Kamp* 961, F.2d 151, 152 (1992). The statutes assign no direct enforcement role to the Department of Labor or to DOL Director Randall Maruca. Plaintiffs allege that as the Director of DOL, Maruca is "in charge of processing workers' wage claims when they have wages deducted in violation of law." (Doc. 60). Although Director Maruca may be responsible for resolving disputes that will arise if the SB 1363 and SB 1365 go into effect, he is not responsible for direct enforcement of the measures. His connection to the laws, therefore, is not "fairly direct" and he is dismissed as a party to this case. Likewise, the State of Arizona, named by Plaintiffs, is not a proper party to this suit, and is also dismissed as a party. *See* U.S. Const. amend XI.[2]

Periodically in their Amended Complaint, Plaintiffs reference state law in addition to federal law. For example, they claim that SB 1365 "is invalid under the federal and state constitutional guarantees of the rights of speech, association, and petitioning," and that provisions of SB 1363 "violate the First and Fourteenth Amendments to the U.S. Constitution and violate free speech and due process rights under the Arizona Constitution." (Doc. 8, ¶¶ 59, 90). The Supreme Court has held that the Eleventh Amendment bars federal courts from ruling on whether state statutes violate state constitutions, stating that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). None of Plaintiffs' claims arise solely under state law, so none of them need to be dismissed. However, only the federal component of Plaintiffs' claims will be considered.

**CONCLUSION**

---

[2] Defendant Joe Arpaio made no argument that a claim against him was barred by the Eleventh Amendment.

Because Plaintiffs and Plaintiff-Intervenors allege that SB 1363 and SB 1365 are unconstitutional, subject-matter jurisdiction is proper under 28 U.S.C. § 1331. In addition, because they allege that they will refrain from engaging in protected speech and assembly in order to comply with the unconstitutional law, they have standing and their claim is ripe for adjudication. Because the Attorney General of the State of Arizona and the Secretary of State of Arizona each have a fairly direct relationship to implementing the law, they are not provided immunity under the Eleventh Amendment. Governor Brewer, the State of Arizona, and Randall Maruca, however are immune from this suit pursuant to the Eleventh Amendment. Claims that the law is invalid under the Arizona constitution will not be considered.

**IT IS THEREFORE ORDERED** that Defendant Sheriff Joseph Arpaio's Motion to Dismiss (Doc. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that State Defendants' Motion to Dismiss (Doc. 50) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that State Defendants' Motion to Dismiss Plaintiff-Intervenor's Complaint (Doc. 71) is **GRANTED** in part and **DENIED** in part.

Parties State of Arizona, Governor Janice K. Brewer, and Director of the Department of Labor Randall Maruca are hereby dismissed from this suit.

Parties Attorney General Thomas Horne, Secretary of State Ken Bennett, and Maricopa County Sheriff Joseph Arpaio remain Defendants to this suit.

DATED this 11th day of October, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge