Thomas C. Horne
Attorney General

Michael K. Goodwin, Bar No. 014446
Christopher Munns, Bar No. 022611
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-7674
Facsimile: (602) 542-7644
Michael.Goodwin@azag.gov
Christopher.Munns@azag.gov

Attorneys for State Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Food & Commercial Workers Local 99, et al., <br><br> Plaintiffs, <br><br> - and – <br><br> Arizona Education Association, et al. <br><br> Plaintiff-Intervenors, <br><br> vs. <br><br> Ken Bennett, in his capacity as Secretary of State of the State of Arizona, et al., <br><br> Defendants. | Case No: CV11-921-PHX-GMS <br><br> **STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: SB 1365** |

## Introduction

Defendants Tom Horne and Ken Bennett hereby respond to Plaintiffs' Motion for Summary Judgment regarding SB 1365. (Doc. 158.) As discussed in Defendants' own motion (doc. 166), SB 1365 is a legitimate exercise of the State authority and is not in conflict with or otherwise preempted by federal law. Defendants incorporate by

reference their earlier arguments concerning preemption, but wish to address a few points raised in Plaintiffs' motion.

## I. LEGAL DISCUSSION

### A. The Court Should Decide the Preemption Issue if Necessary to the Determination Whether to Grant a Permanent Injunction.

Plaintiffs devote much of their motion to arguing that the Court should decide whether SB 1365 is preempted. Defendants assert that the Court should decide the preemption issue only if necessary to the determination whether to grant a permanent injunction.

Courts should avoid unnecessary and broad adjudication of constitutional issues. *See Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("The Court will not pass on constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of."); *American Foreign Serv. Ass'n v. Garfinkel*, 490 U.S. 153, 161 (1989) (stating that district court should not pass on constitutional question unless it was imperative); *Communist Party v. Whitcomb*, 414 U.S. 441, 452 (1974) (Powell, J., concurring); *Thompson v. Oklahoma*, 487 U.S. 815, 858 (1988) (O'Connor, J., concurring). When a plaintiff obtains the relief requested based on other grounds, a court should not reach constitutional issues. *United Seniors Ass'n v. Shalala*, 182 F.3d 965, 969-70 (D.C. Cir. 1999); *Carhart v. Stenberg*, 972 F. Supp. 507, 509 (D. Neb. 1997).

In this case, the Court found that the Plaintiff-Intervenors were likely to succeed on their claim that SB 1365 violated the First Amendment and on that basis the Court granted a preliminary injunction. (Doc. 99.) The State asserts that SB 1365 does not violate the First Amendment. If in deciding the merits the Court concludes there was no violation of the First Amendment, the Court should decide whether relief is warranted on some other ground. If the Court affirms the preliminary ruling of a First Amendment violation, the Court need not and should not decide any other constitutional issues.

### B. The Statute is Not Preempted

Plaintiffs' argument rests entirely on *SeaPak v. Industrial, Technical & Professional Employees*, 300 F. Supp. 1197 (S.D. Ga. 1969); *aff'd*, 423 F.2d 1229 (5th Cir. 1970), *aff'd w/o op.*, 400 U.S. 985 (1971). But *SeaPak* is not controlling.

First, *SeaPak* is not the law of the land. It is a ruling from another district court nearly a half century ago. True, the judgment was summarily affirmed by the Supreme Court. A "summary affirmance settles the issues for the parties" and demonstrates the Supreme Court's approval of the judgment of the lower court. *Fusari v. Steinberg*, 419 U.S. 379, 392 (1975). But a summary affirmance does not necessarily mean that the Court "adopted the reasoning as well as the judgment" of the lower court. *Mandel v. Bradley*, 432 U.S. 173, 176 (1977). Given the Supreme Court's failure to endorse the reasoning of the district court, the *SeaPak* decision is non-binding.

*SeaPak* is also unpersuasive. Its dictum that that § 302©(4) of the LMRA is clearly incorrect. Also incorrect is the contention that SB 1365 conflicts with federal law, since federal law does not require that check-off authorizations be irrevocable.

## II. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Summary Judgment (doc. 158).

Respectfully submitted this 6th day of September, 2012.

    Thomas C. Horne
    Attorney General

    s/Michael K. Goodwin
    Michael K. Goodwin
    Assistant Attorney General
    Attorneys for Defendants

1  I hereby certify that on September 6 2012, I electronically transmitted the
2  attached document to the Clerk's Office using the CM/ECF System for filing and
3  transmittal of a Notice of Electronic Filing to all ECF registrants.
4
5   s/Michael Goodwin
   #2837637
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28