1  Andrew J. Kahn (SBN 15835)
2  Elizabeth A. Lawrence (SBN 201537)
   Davis Cowell & Bowe LLP
3  2401 North Central Avenue 2nd Floor
   Phoenix, Arizona 85004
4  Telephone: (800) 622-0641
   ajk@dcbsf.com
5  Attorneys for Plaintiffs UFCW Local 99,
   McLaughlin, and Colbath
6
7  Gerald Barrett, AZ Bar #5855
   Ward Keenan & Barrett, PC
8  3838 North Central Avenue, Suite 1720
   Phoenix, Arizona 85012
9  Tel.: (602) 279-1717
   Fax: (602) 279-8908
10 Email: gbarrett@wardkeenanbarrett.com
   Attorneys for Plaintiffs UA Local 469, McNally
11 and Rothans

12                 UNITED STATES DISTRICT COURT

13                    DISTRICT OF ARIZONA

14

15 UNITED FOOD & COMMERCIAL              CASE NO. 2:11-cv-921-PHX-GMS
   WORKERS LOCAL 99; et.al.,
16
17            Plaintiffs,

18 -and-                                 **PLAINTIFFS' REPLY TO**
                                         **DEFENDANT'S RESPONSE TO**
19 Arizona Education Association, *et.al.,*   **MOTION FOR SUMMARY**
                                         **JUDGMENT RE SB 1365**
20
21 v.

22 Ken Bennett, in his capacity as Secretary of
   the State of Arizona; *et.al.*,
23
24            Defendants.

25

26     For their reply, Plaintiffs urge two points.  First, as to whether this Court should rule on

27 Plaintiffs' federal labor law preemption claim, Defendants' reliance on the prudential concern

28 for avoiding resolution of substantive constitutional issues is entirely misplaced.  Such authority

                                         1

1  actually calls for this Court to first consider the preemption argument because it is primarily

2  statutory in nature.  Second, Defendant has failed to offer any cognizable reason for this Court to

3  ignore *SeaPAK v. Industrial Technical & Professional Employees*, 300 F. Supp. 1197, 1200

4  (S.D. Ga. 1969) aff'd 423 F. 2d 1229 (5th Cir. 1970) aff'd 400 U.S. 985 (1971).

5

6

**I.    As Plaintiffs' Preemption Claim Is Primarily Statutory in Nature, Prudential Concerns Call For this Court To Resolve that Question.**

7  Defendant has not challenged any of the several prudential reasons advanced by Plaintiffs

8  as to why this Court should rule on the federal labor law preemption issue.  Doc. No. 158, p 1 –

9  9.  Specifically, Defendant has not contested the federal labor law preemption claim is properly

10  before this Court and will remain so even if the Court determines SB 1365 violates the First

11  Amendment.  Nor has Defendant disputed the question of the State's authority to regulate private

12  sector dues checkoff is a threshold issue logically preceding examination of whether SB 1365

13  also violates the First Amendment.  Finally, Defendant does not contest the beneficial practical

14  impacts of a ruling on the preemption issue.  Such ruling likely will serve to eliminate Plaintiffs'

15  need to participate in the appeal process; will preclude potential state law actions attempting to

16  enforce SB 1365 in the private sector; and will preserve the stability of the private sector system

17  by assuring participating employers the cost- efficient federal statutory scheme is not subject to

18  additional burdens imposed by state regulation.

19  Instead, in its response, Defendant cursorily asserts this Court should abstain from ruling

20  on the federal preemption issue based on the prudential doctrine instructing a district court to

21  resolve a case on a statutory basis and avoid unnecessarily reaching substantive constitutional

22  concerns.  Doc. No. 180, p 2,3;  See, *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936)

23  (Brandeis, J., concurring) ("The Court will not formulate a rule of constitutional law broader

24  than is required by the precise facts to which it is to be applied.")  As discussed below, closer

25  examination of the *Ashwander* line of cases reflects application of this prudential doctrine if

26  appropriate under the instant circumstances produces the opposite result.  To avoid "unnecessary

27

28

2

and broad adjudication of constitutional issues", this Court should resolve nearly all of Plaintiffs' case by first deciding the preemption question.[1]

The fatal flaw in Defendant's argument is its bare assumption that prudential concern for avoiding unnecessary constitutional adjudication equates preemption claims with a substantive constitutional claim. With no exceptions revealed by Plaintiffs' research, courts routinely have rejected that argument.[2] To the contrary, Plaintiffs' preemption claim does not call for this Court to resolve a substantive constitutional issue. See, *Golden State Transit Corp. v. Los Angeles,* 493 U.S. 103, 107 (1989) (Supremacy Clause is not a source of substantive rights; it simply serves as a trumping principle that enforces existing federal rights whenever there is a

---

[1] Admittedly a handful of UFCW's members are not NLRA-covered and accordingly the First Amendment issues would remain for them (as well as for the public-sector Intervenors and their members) unless non-NLRA applications cannot be severed. However, the severability analysis changes significantly if well over half of potentially-covered workplaces are excluded from SB 1365 due to NLRA preemption. See GAO Report No. 02-835 "Collective Bargaining Rights: Information on the Number of Workers with and without Bargaining Rights" (Sept. 2002)(noting that of 135 million people in American workforce, 115 million were in private sector and 78% covered by NLRA, whereas only 20 million are in public sector and there bargaining rights cover smaller percentage of workforce)(available at www.gao.gov/new.items/d02835.pdf).

[2] *Swift & Co. v. Wickham*, 382 U.S. 111, 120 (1965) (While preemption claims are "of course grounded in the Supremacy Clause of the Constitution," the "basic question" involved in such cases "is never one of interpretation of the Federal Constitution but inevitably one of comparing two statutes."); *Hotel Emples. & Rest. Emples. Int'l Union v. Nev. Gaming Comm'n*, 984 F.2d 1507, 1512 (9th Cir. 1993) ("A preemption claim alleges in essence that Congress has determined that particular matters are of national concern and should be administered by national, rather than local, institutions."); *Knudsen Corp. v. Nevada State Dairy Com.,* 676 F.2d 374, 377 (9th Cir. 1982)("Although preemption has its doctrinal base in the Constitution, the question is largely one of determining the compatibility of a state and a federal statutory scheme. No constitutional issues of substance are presented."); *Fleet Bank, N.A. v. Burke*, 160 F.3d 883, 890 (2d Cir. 1998)("[P]reemption claims, though implicating the Supremacy Clause, have been recognized as presenting a constitutional issue of a lesser magnitude than suits challenging the authority of state officials on the ground that their actions will violate the substantive limitations of the Constitution."); *N.J. Payphone Ass'n v. Town of W. N.Y.*, 299 F.3d 235, 239 (3d Cir. 2002)( "[F]ederal preemption is generally an issue requiring the determination of congressional intent rather than resolving a constitutional problem of substance. . . . For this reason, preemption questions are "treated as 'statutory' for purposes of our practice of deciding statutory claims first to avoid unnecessary constitutional adjudications.")

3

conflict with state or local law). Instead, resolution of the preemption claim requires only an interpretation of SB 1365 in light of the comprehensive federal labor law scheme.

Accordingly, on at least three occasions, the Supreme Court has determined "although [a preemption] claim is basically constitutional in nature, deriving its force from the operation of the Supremacy Clause, it is treated as 'statutory' for purposes of . . . deciding statutory claims first to avoid unnecessary constitutional adjudications. " *Douglas v. Seacoast Products, Inc.*, 431 U.S. 265, 272 (1977). There, the plaintiff challenged Virginia statutes limiting the right of nonresidents and aliens to catch fish in its territorial waters under both the Supremacy Clause and substantive provisions of the Constitution. The Court ruled: "Since we decide the case on [preemption], we do not reach the constitutional issues [Commerce Clause and the Equal Protection Clause] raised by the parties." *Id.*

The Court's *per curiam* decision in *Philadelphia v. New Jersey*, 430 U.S. 141 (1977) turned on the same prudential doctrine. A New Jersey state court had rejected challenges to a New Jersey environmental statute under both the Supremacy Clause and the Interstate Commerce Clause. After the U.S. Supreme Court noted probable jurisdiction, a new federal environmental statue went into law. Noting the primacy of the Supremacy Clause claim, the Supreme Court remanded the case so the New Jersey court could address whether the new federal statute preempted the New Jersey statute. The Supreme Court explained:

> While federal pre-emption of state statutes is, of course, ultimately a question under the Supremacy Clause, . . . analysis of pre-emption issues depends primarily on statutory and not constitutional interpretation. *Therefore, it is appropriate that the federal preemption issue be resolved before the constitutional issue of alleged discrimination against or undue burden on interstate commerce is addressed*.

*Id.* at 142 (emphasis supplied).

In *Blum v. Bacon*, 457 U.S. 132 (1982), the Supreme Court again relied on the principle that preemption claims present statutory interpretation claims and should be resolved before substantive Constitutional law claims. The plaintiffs challenged New York state rules governing

4

a public assistance program on both preemption and substantive Constitutional grounds.  The
Court ruled only on the preemption claim and explained:

> Where a party raises both statutory and constitutional arguments in
> support of a judgment, ordinarily we first address the statutory
> argument in order to avoid unnecessary resolution of the
> constitutional issue. See *Califano v. Yamasaki*, 442 U.S. 682, 692-
> 693 (1979); *Hagans v. Lavine*, 415 U.S. 528, 543 (1974).n5 We
> conclude that this case may be resolved on statutory grounds. As we
> explain below, the New York . . . conflict with valid federal
> regulations promulgated by the Secretary . . . Thus, New York's rules
> are invalid under the Supremacy Clause.

*Id.* at 137-138 (1982).

Here, adjudication of the First Amendment claims is perhaps necessary given the
presence of public-sector Interveners.  However, the likely ruling that SB 1365 violates the First
Amendment should not serve to preclude resolution of whether SB 1365 is preempted.  The
preemption issue is properly before this Court.  Doc. No. 158, p 5 - 6.  A ruling on the First
Amendment claims will not render the preemption claim moot or otherwise call for this Court to
issue an advisory decision.  Doc. No. 158, p 6 – 8.  Nor, as urged above, will resolution of the
preemption question constitute unnecessary adjudication of substantive constitutional claims.
Instead, a ruling on the preemption question will help preserve the long-term stability of
Congress' comprehensive regulatory scheme.  Doc. No. 158, p 8 – 10.  This is a matter of vital
interest to Plaintiffs and the employer community, one for which they respectfully submit they
have a right to a "just, speedy and inexpensive determination."  Rule 1, Fed. R. Civ. Proc.

## II.     Defendant's Attempts to Distinguish *SeaPak* are Frivolous.

Defendant's claim that "*SeaPak* is not the law of the land" would have this Court turn a
blind eye to both the *SeaPak* decision and an unbroken chain of case law holding states are
preempted from regulating private sector dues checkoff.  Rather than contest that *SeaPak* rests
on the conclusion that 29 U.S.C. § 186 (c)(4) preempts the field, Defendant relies on *Fusari v.
Steinberg*, 419 U.S. 379 (1975) and *Mandel v. Bradley,* 432 U.S. 173 (1977) to argue *SeaPak* is
not binding precedent, just a 50- year- old "unpersuasive" district court decision.  However, as
every case resolving the issue both before and after the issuance of *SeaPak* holds federal labor

5

laws preempt state regulation of private sector dues checkoff, there is no reasoned basis to doubt *SeaPak's* continued viability.  See, Doc. No. 173, p 10 -14, n. 2 and 3.

The Supreme Court's summary affirmance binds lower courts, unless subsequent developments suggest otherwise. *Hicks v. Miranda*, 422 U.S. 332, 344-45 (1975); *United States v. Blaine County*, 363 F.3d 897, 904 (9th Cir. 2004)(While "Supreme Court is more willing to reconsider its own summary dispositions than it is to revisit its prior opinions, this principle does not release the lower courts from the binding effect of summary affirmances.")  *Fusari* only cautions against reading a summary affirmance as "as a renunciation by this Court of doctrines previously announced in our opinions after full argument." *Id.* at 391-92.  *Mandel* makes even more explicit the point by instructing:

> Summary affirmances and dismissals for want of a substantial federal question without doubt reject the specific challenges presented in the statement of jurisdiction and do leave undisturbed the judgment appealed from. *They do prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions.*

*Id.* at 176 (emphasis supplied).

Defendant's claim that *SeaPak* is unpersuasive warrants little attention.  Defendant correctly notes that *SeaPak* was decided some 50 years ago, but fails to offer a single case even suggesting there is room to debate continued its continued viability.  *United States v.* Locke, 529 U.S. 89, 108 (2000)(Skepticism  appropriate when state attempts to regulate area with history of significant federal presence.)  Defendant's prior argument that *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399 (1988) represents a doctrinal shift in LMRA preemption warranting reconsideration of *SeaPak* was particularly weak.  See, Doc. No. 173, p 10 – 14.

Even if the Court were somehow to not find field preemption, the question remains whether SB 1365 impermissibly conflicts with 29 U.S.C. § 186 (c)(4).  Defendant's only attempt to reconcile the requirements of SB 1365 with 29 U.S.C. § 186 (c)(4) is its contention that the federal statute "does not require that check-off authorization be irrevocable".  This comment is literally true, but entirely misses the point.  Congress in 29 U.S.C. § 186 (c)(4) could have required annual opt-in or left the issue to the States (as it did with "right to work",  29 U.S.C. §

164), but instead allowed for dues checkoff subject only to requiring an annual opt-out right.
See, *Monroe Lodge No. 770 IAM v. Litton Bus. Sys. Inc.,* 324 F. Supp 310, 314 -15 (W.D. Va.
1971)(reviewing legislative history).  Federal law intentionally leaves to the participating
employees, unions and employers the freedom to agree to other specific terms in labor
agreements, especially as these are often interstate in nature and hence ill-suited to varying
regulation by states.  By empowering the Arizona Attorney General to dictate the acceptable
form of a dues checkoff authorization, SB 1365 conflicts with Congress' intent and holdings of
federal regulators and the federal judiciary. Doc. No. 158, p 13-14.  By mandating an annual
opt-in renewal, SB 1365 limits the parties' bargaining options and places burdens on
participating employees, unions and employers. Doc. No. 159, PSOF ¶¶ 14 -16; Doc. No. p 5, ¶¶
14 -16.  By mandating that dues checkoff authorization terminates automatically upon
resignation from membership, SB 1365 further limits such options in a manner directly contrary
to controlling NLRB case law. Doc. No. 158, p 12.  As such, SB impermissibly conflicts with
federal labor law.

### III.   Conclusion

For these reasons, as well as those stated in opposition to Defendant's motion for
summary judgment, Doc. No. 173, Plaintiffs respectfully submit they are entitled to summary
judgment on the question of whether SB 1365 is preempted by federal labor laws.

Respectfully submitted this 24th day of September 2012.

**Davis Cowell & Bowe LLP**
By: Andrew J. Kahn (SBN 15835)
Elizabeth A. Lawrence (SBN 201537)
Attorneys for Plaintiffs UFCW Local 99,
McLaughlin, and Colbath

**WARD KEENAN & BARRETT, P.C.**
By: GERALD BARRETT
Gerald Barrett #5835
Attorneys for Plaintiffs UA Local 469 ,
McNally and Rothans

7

## Certificate of Mailing

I hereby certify that on the 24th day of September 2012, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Hon. G. Murray Snow

J. Scott Dutcher
Ann Thompson Uglietta
Maricopa County Attorney's Office
222 N. Central Avenue, Suite 1100
Phoenix, Arizona 85004
Attorneys for Defendant Sheriff Arpaio

Michael K. Goodwin
Christopher A. Munns
Attorney General's Office
1275 W. Washington
Phoenix, AZ 85007-2997
Attorney for State Defendants

Jason Walta
Alice O'Brien
National Education Association
Office of the General Counsel
1201 Sixteenth Street,NW
Washington, DC 20036-3290
Attorneys for Arizona Education Association,
Melissa England
Kerry-Lynn Scheffler
Danielle Nowak

David J. Strom
American Federation of Teachers
555 New Jersey Avenue, NW
Washington, DC 20001
Attorneys for Arizona Federation of Teachers Union

Michael L. Artz
American Federation of State, County and
Municipal Employees, ALF-CIO
1101 17th Street, Suite 900

8

Washington, DC 20036
Attorney for American Federation of State, County
And Municipal Employees Locals 449, 2384, 2960,
3111, and 3282

Samantha Blevins
Arizona Education Association
345 E. Palm Lane
Phoenix, AZ 85004-1534
Samantha.blevins@arizonaea.org

Roopali H. Desai
COPPERSMITH SCHERMER & BROCKELMAN PLC
2800 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-1009
Attorneys for Arizona Education Association;
American Federation of State, County and
Municipal Employees Locals 449, 2384, 2960,
3111, 3282; Arizona Federation of Teachers
Union; Melissa England; Kerry-Lynn Scheffler;
And Danielle Nowak

Stanley Lubin
LUBIN & ENOCH, P.C.
349 N. 4th Avenue
Phoenix, Arizona 85003-1505
Attorneys for SEIU Local 5

Michael Rubin
Jonathan Weissglass
Jennifer Sung
P.Casey Pitts
Altshuler Berzon, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Attorneys for SEIU Local 5


 S/Sally Thiffault

9