WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By:    J. Scott Dutcher (026174)
       Ann Thompson Uglietta (013696)
       Deputy County Attorneys
CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona  85004
Firm No. 00032000
Telephone No. (602) 506-8541
Facsimile No. (602) 506-8567
dutcherj@mcao.maricopa.gov
uglietta@mcao.maricopa.gov

Attorneys for Defendants Sheriff Joseph Arpaio
and Maricopa County Attorney Bill Montgomery

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Food & United Food & Commercial Workers Local 99, et al.,<br><br>               Plaintiffs,<br><br>and<br><br>Arizona Education Association, et al.,<br><br>               Plaintiff-Intervenors,<br><br>v.<br><br>Ken Bennett, in his capacity as Secretary of State of the State of Arizona, et al.,<br><br>               Defendants. | NO. CV 11-0921 PHX-GMS<br><br>**DEFENDANTS ARPAIO AND MONTGOMERY'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |

Pursuant to Federal Rule of Civil Procedure 41(b), Defendants Maricopa County Sheriff Joseph Arpaio and County Attorney Bill Montgomery move this Court to dismiss

1

Plaintiffs' Second Amended Complaint and Plaintiff-Intervenors' First Amended Complaint. Plaintiffs and Plaintiff-Intervenors have done nothing to prosecute their case against Montgomery and Arpaio as required by Rule 41(b).

## I.   LAW

Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of an action. This requires "prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (*citing Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970); *States Steamship Company v. Philippine Air Lines*, 426 F.2d 803 (9th Cir. 1970)). And the Ninth Circuit Court of Appeals "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (*citing Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970); *Pearson v. Dennison*, 353 F.2d 24 (9th Cir. 1968). "The law presumes injury from unreasonable delay." *Id.* "Even if the plaintiff has an obviously strong case, dismissal would be appropriate if the plaintiff has clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." *Id.* at 526.

## II.   ARGUMENT

Other than generically naming Arpaio and Montgomery in the Complaints, no steps have ever been taken to prosecute this case against either of them. Neither has been involved in any discovery. In the Sheriff's December 2011 Initial Disclosure Statement, he confirmed that he had neither any witnesses nor documents. Neither was

involved in any of the motions for preliminary injunction. Neither was involved in any of the motions and cross motions for summary judgment. And even the recent stipulation to extend the deadlines, apparently signed off on by all other parties (*see* Dkt #195), completely bypassed Arpaio and Montgomery—tacitly admitting that their involvement is unnecessary.

Since the inception of this case approximately two years ago, undersigned counsel confirmed that Arpaio and Montgomery did not intend to take any formal position on the constitutionality of SB 1363. And to date, neither have. If the Court declares parts of SB 1363 to be constitutional, those will be enforced. But if it or any of its separate parts are found to be unconstitutional, the Sheriff and County Attorney will not enforce them. It's that simple.

Outlining the above, undersigned counsel again recently asked all Plaintiffs and Plaintiff-Intervenors to voluntarily dismiss Arpaio and Montgomery on May 15, 2013. *See* Exhibit A. Sadly, all 15 counsel failed to respond—reaffirming their ongoing failure to prosecute. The law requires "reasonable diligence" in prosecuting one's case. But Plaintiffs and Plaintiff-Intervenors have exercised no diligence in prosecuting their claims against Arpaio and Montgomery.

Arpaio and Montgomery would be severely prejudiced if forced to participate in the upcoming Final Pretrial Conference set next month and the upcoming trial after Plaintiffs and Plaintiff-Intervenors have taken no steps to prosecute their case against Arpaio and Montgomery in the last two years. As repeatedly confirmed by Ninth Circuit Court of Appeals, Rule 41(b) requires a dismissal in this circumstance.

### III. CONCLUSION

Plaintiffs and Plaintiff-Intervenors have failed to exercise "reasonable diligence" in prosecuting their case against Arpaio and Montgomery. And Rule 41(b) now requires a dismissal.

RESPECTFULLY SUBMITTED this 13th day of June 2013.

                  WILLIAM G. MONTGOMERY
                  MARICOPA COUNTY ATTORNEY

                  BY:  /s/ J. Scott Dutcher
                         J. SCOTT DUTCHER
                         ANN THOMPSON UGLIETTA
                         Attorneys for Defendants Sheriff Joseph Arpaio and Maricopa County Attorney Bill Montgomery

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2013, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Lea Wink

S:\COUNSEL\Civil\Matters\GN\2011\UFCW Local v. Jan Brewer GN11-0121\Pleadings\DefsArpaio-Montgomery-MTD-Failure2Prosecute 6-13-13.docx